Besson *v.* Cox.

JOHN C. BESSON, executor &c., complainant,

*v.*

GEORGE COX et al.

1. A statute permitting a party to be a witness, although the other party sues or is sued in a representative capacity, applies to an action pending at the time of its passage.

2. In a suit for an account by a surviving partner against the executor of his deceased copartner, the survivor is competent to prove that the decedent applied partnership funds to his own use, but statements or personal transactions of the survivor with the decedent must be excluded.

The admissibility of testimony argued before Vice-Chancellor Dodd.

*Mr. J. B. Vredenburgh,* for the admissibility.

*Mr. J. D. Bedle,* contra.

DODD, V. C.

George Cox and William Cox, brothers, being partners in

NOTE.—A statute allowing parties to testify who were incompetent when the cause of action arose, is constitutional, *Walthall* v. *Walthall, 42 Ala. 450; Ralston* v. *Lothair, 18 Ind. 303; West* v. *Creditors, 1 La. Ann. 365; Lemay* v. *Walker, 62 Ala. 39; Rich* v. *Flanders, 39 N. H. 304; Smyth* v. *Balch, 40 N. H. 363; Neass* v. *Mercer, 15 Barb. 318.*

Also, a statute prohibiting an interested party who was previously competent, from testifying, *Karney* v. *Paisley, 13 Iowa 89; Cannon* v. *Morris, 81 N. C. 139; Calderwood* v. *Calderwood, 38 Vt. 171.*

Statutes allowing parties to a suit to testify, apply to suits pending, *Rich* v. *Flanders, 39 N. H. 304; Van Valkenbergh* v. *Rahway Bank, 3 Zab. 583; Southwick* v. *Southwick, 49 N. Y. 510; Talladega Ins. Co.* v. *Landers, 43 Ala. 115; Westerman* v. *Westerman, 25 Ohio St. 500; John* v. *Bridgman, 27 Ohio St. 22; Eld* v. *Gorham, 20 Conn. 8.* See *Harrison* v. *Wisdom, 7 Heisk. 99, 104; Day* v. *McGinnis, 1 Heisk. 310; Crawford* v. *Halsted, 20 Gratt. 211; Kimball* v. *Baxter, 27 Vt. 628.*

Besson *v.* Cox.

trade, the latter died, and his executor, the complainant in this suit, filed a bill for account against George, the surviving partner. It was referred to a master, to take and state the account, and on the hearing before him the surviving partner was offered on his own behalf as a witness to prove that the deceased partner had applied moneys of the firm to his own individual use, with which moneys the estate of the deceased should be charged. To support this averment a certain check purporting to be the check of the firm, signed with the firm name, and drawn payable to the order of Elizabeth Rowland, was shown to the witness and he was asked :

(1) " Whose signature is to that check, and by whom was it written ?

(2) " Did the firm of William and George Cox owe Elizabeth Rowland anything on January 12th, 1874 [date of check] ?

(3) " What did Elizabeth Rowland give the firm of William and George Cox as a consideration for that check ?

(4) " Whose money paid that check ?

(5) " Was this money paid with your knowledge and consent ?

(6) " Is there any entry on the books of the partnership of that payment except the book kept by the bank ?

(7) " Had you authorized in any way William Cox to give that check to be paid out of the partnership funds ? "

All the foregoing questions were objected to because one of the

---

Where the suit is *against* several co-defendants, of whom only one is dead, the surviving defendants are competent, if the contract was made with the living co-defendants, *1 Whart. Evid. ¿ 469 ; Bryan* v. *Tooke, 60 Ga. 437.* But see *Hogeboom* v. *Gibbs, 88 Pa. St. 235 ; Mason* v. *Wood, 27 Gratt. 733; Holmes* v. *Brooks, 68 Me. 416.*

So, where the suit is *by* several co-plaintiffs, under similar circumstances, *Bradley* v. *Patton, 51 Ala. 108 ; Chisholm* v. *Turner, 36 Ga. 565 ; Runkel* v. *Phillips, 9 Phila. 619 ; Hardy* v. *Chesapeake Bank, 51 Md. 562 ; Ward* v. *Bowen, 14 Wis. 405 ; Read* v. *Stutevant, 40 Vt. 521.*

The other party, in such cases, is also competent, *Bragg* v. *Clark, 50 Ala. 363 ; Moore* v. *Harlan, 37 Ga. 623 ; Rawson* v. *Cherry, 44 Ga. 73 ; Hall* v. *State, 39 Ind. 301 ; Dodds* v. *Rogers, 68 Ind. 110 ; McCutchen* v. *Rice, 56 Miss. 455 ; Fulkerson* v. *Thornton, 68 Mo. 468 ; Roberts* v. *Yarboro, 41 Tex. 449 ; Tremper* v. *Conklin, 44 N. Y. 58 ; Faler* v. *Jordan, 44 Miss. 283 ; Brown* v. *Allen, 35 Iowa 306 ; Brady* v. *Brady, 8 Allen 101; Comstock* v. *Hier, 73 N. Y. 269 ; Hammond* v. *Drew, 61 Ga. 189.* See *Brady* v. *Reed, 87 Pa. St. 111.*

Besson *v.* Cox.

parties to the suit was in a representative capacity, and the opposite. party was therefore excluded from offering himself as a witness on his own behalf. In answer to this objection the defendant relied upon the supplement to an act concerning evidence approved February 25th, 1880, (*P. L. of 1880 p. 52*). The counsel of complainant contended, first, that this supplement did not apply, for the reason that the present suit was pending before its passage; and second, that if the supplement did apply to the present suit, the questions were inadmissible, because they called for testimony as to a transaction with or statement by the testator represented in the suit.

I am of opinion that the supplement applies to suits pending at the time of its passage as well as to suits subsequently commenced.

I am also of opinion that all the questions are competent and admissible, except the two questions numbered *five* and *seven.* There maining questions do not involve any personal intercourse between the witness and the deceased in his lifetime, and are not within the scope of the just and fair rule which shuts the mouth of the surviving one of two parties as to what was done or said in a transaction or talk between him and the deceased. The wrong of permitting one of such two parties to testify when the other cannot speak, is what the statutory exclusion is aimed at. In none of the above questions is the witness asked to speak of any transaction or statement of the deceased with or to himself,

But evidence as to transactions with or by such deceased coparty, is inadmissible, *Alabama Gold Ins. Co.* v. *Sledge, 62 Ala. 566; Long* v. *McDonald, 39 Ga. 186; Hook* v. *Bixby, 13 Kan. 164; Romer* v. *Jaecksch, 39 Md. 585; Hanna* v. *Way, 77 Pa. St. 27; Baxter* v. *Leith, 28 Ohio St. 84; Standbridge* v. *Catanach, 83 Pa. St. 368; Williams* v. *Barrett, 52 Iowa 637; Hannon* v. *Dart, 37 Mich. 53; Central R. R.* v. *Papot, 59 Ga. 342; Ford* v. *Kennedy, 64 Ga. 537.* See *Carlton* v. *Mays, 8 W. Va. 245; Niccolls* v. *Esterly, 16 Kan. 32; Kale* v. *Elliott, 18 Hun 198; Pettit* v. *Geesler, 58 How. Pr. 195; Freeman* v. *Ross, 15 Ga. 252; Crane* v. *Gloster, 13 Nev. 279.*

In a suit by a surviving partner against the representatives of his deceased copartner, he is not competent to testify as to any transactions with his deceased copartner, *Porter* v. *White, 39 Md. 613; McKaig* v. *Hebb, 42 Md. 227; Graham* v. *Howell, 50 Ga. 203; Faler* v. *Jordan, 44 Miss. 283.*

Although competent as to other transactions, *Hayward* v. *French, 12 Gray 453; Love* v. *Cummings, 10 Bush 578.*—REP.

unless it may be in the fifth and seventh. As these two last-named questions stand, I think they are objectionable. The latter is more clearly so than the former. If the consent or authority inquired about in these two interrogatories can be supposed to have been a consent or authority given directly to the bank to pay the check, or to Elizabeth Rowland to go and get the check, the questions should have been framed so as to exclude the idea which I think they now involve, that the consent or authority was given between the witness and the deceased when alive.

The above views as to the competency of the questions are supported by the case of *Clawson* v. *Riley*, *7 Stew. Eq. 348*, recently decided by the chancellor.