With respect to the intrinsic merits of the application to open the apparent default of respondents in the suit, and for leave to redeem, we are in accord with the views expressed by the learned vice-chancellor, and think further discussion needless. But on the phase of the case relating to the force *Page 133 
and effect of the amendment of 1928 (P.L. p. 382), to section 49 of the Tax Sale act of 1918, we prefer to rest our affirmance of the decree on the application of the fundamental rule that a statute is to be considered prospective unless the language is such as to show clearly that it was intended to have retrospective effect.
The chronology of the case, so far as material to the point now under consideration is this: The original final decree, purporting to foreclose the owners' rights, was dated May 5th and filed May 6th, 1927. At that time section 49 of the Tax Sale act of 1918 (P.L. p. 883), as amended by P.L. 1919 p. 564, was in force, and contained no limitation of time for an application to open the decree. The amendment of 1928 (P.L. p. 382), to section 49, which is relied on by the appellant, was approved April 3d 1928. The petition by respondents to open the decree of May 6th, 1927, was filed April 19th, 1928, a little over two weeks after the act of April 3d took effect. That act provides, among other things, that the decree "shall be final upon the defendants, their ancestors and predecessors in title, and their privies, and no application shall be entertained to reopen the same after three months from the date thereof and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit." And in another paragraph:
"This provision shall be liberally construed as remedial legislation to encourage the barring of the right of redemption by suits in the court of chancery and for the decreeing of marketable titles therein, and to discourage barring the right of redemption by act of the purchaser in serving notices to redeem and filing and recording the proceedings as otherwise provided."
If the claim of appellants be well founded, it must follow that, to say the least, whenever the decree had been pronounced not more than three months before the statute, the pre-existing right to apply to open it was cut off at the expiration of that three months; as for example, if the decree had been signed on January 4th, the act taking effect (in retrospect) April 3d, would bar an application unless made *Page 134 
the day after its passage; and where as in this case the decree was signed May 5th, 1927, the right of application, if not cut off as of August 5th, 1927, was cut off instanter when the statute took effect. Such an effect is, to say the least, startling; and we are clear that the legislature never intended anything of the kind.
The decisions holding that a statute will not be construed as retrospective unless its language or object clearly so indicates, are so numerous that a few of the more important ones will suffice as examples.
In White v. Hunt, 6 N.J. Law 415, 418, 419, a statute of 1782 imposed certain restrictions on the recovery of costs. While this act was in force, a suit was begun, and continued over until after the passage of another act of 1795, which changed this "in all actions of this nature, commenced or to be commenced." The supreme court held that even this language was ambiguous, and would not construe it to apply to an action begun before the act of 1795 was passed.
In Vreeland v. Bramhall, 39 N.J. Law 1, plaintiff in mechanics' lien sought to amend the lien claim, relying on section 14 of the act as revised in 1874. Rev. 671. The claim had been filed in 1873. The court refused to amend it, Chief-Justice Beasley saying: "The general principle of statutory construction is averse to giving laws a retrospective effect, and the consequence is, such force is never ascribed to any act unless an intention to that end is to be found either in its language or object."
In Warshung v. Hunt, 47 N.J. Law 256, affirmed without opinion by this court in 48 N.J. Law 613, there was an act limiting the allowance of certiorari in cases of tax sales, to six years from the date of the sale; and it was held that this act did not apply to sales made before the passage of the act, notwithstanding the language was in part, "any sale has been had or made;" that although such language was broad enough to include prior sales, it also included future sales, but that every reasonable endeavor should be made so to interpret the statutory text as to give the law a prospective and not a retrospective effect. *Page 135 
In Williams v. Brokaw, 74 N.J. Eq. 561, the late Vice-Chancellor Stevens held that the act permitting annulment of a marriage at the suit of the husband "when he was under the age of eighteen at the time of the marriage," c., was not retroactive, and therefore conferred no authority on the court of chancery to annul such a marriage contracted before the passage of the act.
In Frelinghuysen v. Morristown, 77 N.J. Law 493, Morristown, in April, 1907, had inaugurated certain proceedings relating to a sewage disposal system under an act of 1902, and in October, 1907, the legislature passed an act (P.L. p. 707), containing a proviso that if the disposal plant was to be in another municipality, the consent of the latter should first be obtained. The question particularly considered by this court was whether the legislature intended that this restriction should be retroactive and operative on municipalities which had already set proceedings in motion, and we definitely held that it did not so intend, applying the general rule that in the construction of statutes, they are not to be given a retrospective effect or operation, if their language reasonably admits of another construction.
In Coghlan v. Supreme Conclave, 86 N.J. Law 41, the principle was applied to the by-laws of a beneficial association.
In Plahn v. Givernaud, 85 N.J. Eq. 143, the language of the proviso of an act of 1907 (P.L. p. 134) was "that in all cases where final decree has heretofore been filed or may hereafter be filed, the chancellor may," by order, extend the time for appeal; and it was of course properly held that this express use of the word "heretofore" indicated a retroactive intent on the part of the legislature.
Where the legislative purpose is merely to modify modes of procedure, and no constitutional restriction intervenes, the modification has been held applicable to existing litigation; as for example, in Wanser v. Atkinson, 43 N.J. Law 571, where the act required an appellant from a justice's court to make demand for a jury in the pleas, in cases where there had been no jury below; in Van Valkenbergh v. Rahway Bank, *Page 136 23 N.J. Law 583, 589, where the statute authorized calling the adverse party as a witness; in Besson v. Cox, 35 N.J. Eq. 87,
applying to cases where one of the parties was in a representative capacity; and Dwyer v. Volmar Trucking Corp.,105 N.J. Law 518, facilitating service of summons on a non-resident. But it will be observed that in none of these instances did the legislature undertake to cut off a substantial right, and all of them were directed to particular procedure in future.
Turning to the language of the amendment of 1928, we find not one word indicative of retrospective intent. The entire section, over a page in length, is framed in the future tense without one glance backward. The clause declaring it remedial, c., is applicable to future conditions and future decrees, as is the main body. We are clear that the three months' limit was never intended to affect decrees made before the enactment of the amendment in question, and for this reason and those discussed below on the merits, the decree will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.
For reversal — None. *Page 137