HOWARD BRADFORD, PLAINTIFF, v. THE COMMONWEALTH CASUALTY COMPANY, A CORPORATION, AND INDEPENDENCE INDEMNITY COMPANY, COMMONWEALTH DIVISION, DEFENDANTS.

Decided February 20, 1932.

For the plaintiff, *William J. Cain* (*Alfred Brenner,* of counsel).

For the defendants, *Holmwood & Creighton.*

BROWN, S. C. C. This matter comes before the court on the plaintiff's motion to strike out the answer filed by the defendants on the ground that the pleading is sham. According to the complaint the defendant Commonwealth Casualty Company on the 5th day of July, 1929, issued a policy of insurance to one Benjamin R. Sarsons, in which policy it was agreed—

"To pay all sums which the assured shall become liable to pay as damages imposed by law for bodily injuries (including death at any time resulting therefrom) caused as the result

of the ownership, maintenance or use of any automobile described in said declarations, but not exceeding the limits of insurance expressed in paragraph 9 of the declarations."
\* \* \*

"To pay (a) all costs taxed against the assured in any legal proceeding defended by the company, according to the foregoing paragraph and interest accruing upon the judgment rendered in connection therewith; (b) all premium charges in attachment or appeal bonds required in such legal proceedings and (c) all expenses incurred by the company for investigation, negotiation and defense."

On January 8th, 1930, Benjamin R. Sarsons, the insured, while driving his automobile in the city of Bayonne, came into collision with the plaintiff, Howard Bradford, as a result of which Bradford charged Sarsons with being careless in the operation of his automobile and brought suit in the Court of Common Pleas of Hudson county for the injuries sustained.

At the trial of the case on the 26th day of October, 1931, the jury returned a verdict in favor of the plaintiff against Sarsons in the sum of $5,383. A judgment was entered and in due course execution was issued and returned by the sheriff unsatisfied. Under these circumstances the plaintiff charges that the Commonwealth Casualty Company is liable under its policy to pay this judgment and in this connection relies on chapter 153, *Pamph. L.* 1924, *p.* 352.

In pursuance of the requirements of the statute above cited the policy contained this provision:

"D. The insolvency or bankruptcy of an assured shall not release the company from payment of damages sustained or loss occasioned during the life of the policy and if execution against assured in an action for damages is returned unsatisfied because of such insolvency or bankruptcy, the injured or his personal representative in case of death may maintain an action against the company for the amount of the judgment obtained not exceeding the limits of the policy."

The plaintiff also charges in his complaint that while the policy of insurance did not contain provisions of chapter 116,

*Pamph. L.* 1929, *p.* 195, that nevertheless, under the law the policy was issued subject to provisions of said law which provides in part—

"The liability of any company under a motor vehicle liability policy shall become absolute whenever loss or damage covered by said policy occurs and the satisfaction by the insured of a final judgment of such loss or damage shall not be a condition precedent to the right or duty of the carrier to make payment on account of such loss or damage. No such policy shall be canceled or annulled as respects any loss or damage by any agreement between the carrier and the insured after the said insured has become responsible for such loss or damage and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person for any such loss or damage if the judgment debtor was at the accrual of the cause of action insured against liability therefor under a motor vehicle liability policy, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment." * * *

The limit of liability under the policy was $10,000.

The complaint contains the allegation that the defendant Commonwealth Casualty Company refused and neglected to pay the judgment thus recovered and that the defendant Independence Indemnity Company became merged with the other defendant and assumed all the obligations and liabilities of the Commonwealth Casualty Company.

In the affidavit presented upon the argument of the motion to strike the defendants admit the allegations of the complaint to be true except that they deny liability relying upon the separate defenses wherein it is charged that Sarsons violated his agreement with the defendants in that he did not co-operate with the defendants as required by paragraph "C" of the policy which provides:

"C. The assured shall not voluntarily assume any liability, or incur any expense, other than for immediate surgical relief, or settle any claim, except at the assured's own cost. The assured shall not interfere in any negotiation for settle-

ment, or in any legal proceeding, but, whenever requested by the company, and at the company's expense, the assured shall aid in securing information and evidence and the attendance of witnesses, and shall co-operate with the company, except in a pecuniary way, in all matters which the company deems necessary in the defense of any suit or in the prosecution of any appeal, and pending the prosecution of any such appeal the company shall not become liable to pay until final judgment has been rendered establishing assured's liability."

The defendant in its separate defenses charges that Sarsons violated the co-operative provision of the policy in that the insured misled the defendants; * * * by violating the co-operative provision of the policy charging "upon the first trial of the suit mentioned in the complaint the assured knowingly falsified his testimony concerning the occurrence of the accident and in that upon the second trial of the suit mentioned in the complaint the assured knowingly falsified his testimony concerning the occurrence of the accident." It further charged that the policy of insurance does not come within the perview of chapter 116, *Pamph. L.* 1929, *p.* 195, in that the policy was issued before the said law became effective.

The case was tried twice in the Common Pleas, the first trial on March 16th, 1931, and the second trial on October 26th, 1931. By agreement of counsel a transcript of the testimony of Benjamin R. Sarsons was used on the argument of the rule the same as if depositions were taken for the purpose of producing that testimony.

A reference to the testimony of Sarsons at the trial of March 16th, 1931, discloses that he testified:

"Well, when I was going south on Avenue C about fifteen feet or twenty feet from Fifty-second street, I seen a man step off the curb into the street. Well, I swung to the left and I couldn't escape hitting the man, so I swerved to the left and the running board of the car seemed to hit him below the knee."

At the second trial of the case on October 26th, 1931, he testified, upon direct examination, substantially in effect

the same as he did at the previous trial. His testimony in this connection is as follows:

"*Q.* What was the first thing that happened? *A.* When I was coming along the northwest corner I was going about twenty miles an hour and I seen a man come out from behind a parked car. *Q.* Where did he come from, do you know? *A.* The northwest corner, from the sidewalk. *Q.* And how far away from you was he when you first saw him? *A.* About ten foot."

On cross-examination at the second trial the witness recanted and admitted that he was not telling the truth in giving his testimony and in answer to a question from the plaintiff's attorney Sarsons stated: "*Q.* And you didn't see him walking, did you? *A.* No, sir. *Q.* So when you told me only a moment ago again that you saw him walking off of the sidewalk, that wasn't the truth, was it? *A.* No. *Q.* So you couldn't see where he walked from, could you? *A.* No, sir. *Q.* And you never saw him walking, did you? *A.* No, sir. *Q.* Either east, west, north or south? *A.* No, sir."

And on redirect examination, in an answer to a question from his own attorney, he stated: "*Q.* Then, when you told me before, Mr. Sarsons, that Mr. Bradford walked off the curb, in front of a parked car, you weren't telling me the truth as to what happened, is that right? *A.* No, sir."

Upon this happening the attorney for Sarsons requested permission from the court to withdraw from the case stating that the defendant insurance company did not wish to waive its rights of defending under its policy on the ground that Sarsons had failed to co-operate with the insurer. This request was refused and the attorney was directed to proceed to the conclusion of the trial.

Considering first the question raised by the pleadings that chapter 116, *Pamph. L.* 1929, should be given a retroactive effect and thereby render nugatory the defense of want of co-operation on the part of the insured Sarsons. The record discloses the policy became effective on its date, July 5th, 1929; the accident occurred on January 8th, 1930; the act

was approved April 16th, 1929, and by its terms became effective November 1st, 1929. It thus appears that the accident occurred between the date of the policy and several months after the 1929 law became effective. It is a well established rule in the construction of statutes that they are not to be given a retroactive effect unless the language is such as to show clearly that it was so intended. Especially is this true where there is involved a contractual relationship entered into before the statute became effective. *Wittes* v. *Ripko,* 107 *N. J. Eq.* 132. Applying this rule to the case in hand the conclusion is reached that the 1929 act is not retroactive so as to prohibit the defendant companies from asserting, by way of defense, the failure of their insured to co-operate with them as required by the terms of the policy.

The question then presented for determination is whether Sarsons failed to co-operate with the insurance company as required under the terms of the policy. In determining this question the co-operative provision of the policy should be subjected to the common and ordinary meaning of the language contained therein and not a strained or technical construction. Sarsons agreed with the defendant company to "co-operate with the company * * * in all matters which the company deems necessary in the defense of any suit." This is a material provision of the policy and a condition precedent and failure to perform, in the absence of waiver or estoppel, constitutes a defense to a charge of liability on the policy.

This provision of the policy does not require the insured to be a mere tool in the hands of the insurer but he is obliged to perform the terms of his contract of insurance on a reasonable and substantial manner. If the assured by fraudulent and collusive conduct, with a third party, impairs in a substantial degree the rights of the insurer then such conduct can be alleged as a defense to an action seeking to hold the insurer liable. The assured cannot arbitrarily and unreasonably decline to co-operate with the insurer, neither can he give false testimony, knowing the same to be false, and permitting the insurer to rely thereon to its detriment. Failure

to co-operate on some inconsequential or immaterial matter cannot be set up as a defense nor can it hardly be a ground for a defense where an insured makes an honest mistake.

In this case it appears by the insured's own admission that he testified falsely and it also appears that the insurer relied upon this testimony. When the admitted falsity of the testimony was disclosed the defendant company asserted its objection and the insurer now claims that this false testimony substantially effected its right under the policy.

The court is not called upon, on this motion, to determine as a fact that the testimony was false and that it did substantially effect the insurer as there appears sufficient facts in this connection to warrant the dispute being submitted to a jury for its consideration. *Seltzer* v. *Indemnity Insurance Company of North America,* 169 *N. E. Rep.* 403; *Coleman* v. *New Amsterdam Casualty Co.* (*Court of Errors and Appeals*), 160 *Id.* 367. See, also, 72 *A. L. R.* 1443.

The motion to strike the answer will be allowed as to all of the defenses interposed except that of a general denial of liability and the defenses set forth in the separate defenses and an order may be taken to that effect.