HERMAN BECKER AND MINNIE DeBAUN, INDIVIDUALLY AND AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF CARL BECKER, DECEASED, APPELLANTS, v. MAYOR AND COUNCIL OF THE BOROUGH OF LITTLE FERRY AND THE BOROUGH OF LITTLE FERRY, RESPONDENTS.

Argued February 4 and 5, 1941—Decided April 25, 1941.

For the appellants, *Milton T. Lasher*.

For the respondents, *Winne & Banta* and *John A. Christie*.

The opinion of the court was delivered by

BODINE, J. The facts in this case sufficiently appear in the report of the case in 125 *N. J. L.* 141. Counsel for the appellant in faithful compliance with the provision of our rule 40 states: "The issue raised below was whether or not taxes assessed by the Borough against buildings erected and owned on the taxing date by a lessee for years, created a lien within the provisions of our Tax Act, against the lands of the lessor so as to justify a sale of the lessor's fee in the lands after such taxes had become delinquent."

The argument is, that since the buildings were not owned by the lessor they were not taxable against him and his interest could not be sold because of default in payment of taxes which should have been levied against the buildings as personal property.

In this state, the assessor values land and buildings separately. The total is the assessed value of the parcel. For years the buildings had been assessed against the tenant, but this makes no difference under *N. J. S. A.* 54:4-54, which is as follows: "No assessment of real or personal property shall be considered invalid because listed or assessed in the name of one not the owner thereof, or because erroneously classed as the land of an unknown or non-resident owner." This provision comes from Act 1854 (Revision 1877, page 1165, section 120), and has been construed and applied in *Fleischauer* v. *West Hoboken*, 40 *N. J. L.* 109; *Poulson* v. *Matthews, Id.* 268, and *State* v. *Galloway Township*, 42 *Id.* 415; *Ocean Grove Camp Meeting Association of M. E. Church* v. *Reeves*, 79 *Id.* 334; *affirmed*, 80 *Id.* 464.

"The validity of any tax or assessment, or the time at which it shall be payable, shall not be affected by the failure of a taxpayer to receive a tax bill, but every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property." *N. J. S. A.* 54:4-64.

"No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid." *N. J. S. A.* 54:4-58.

The statute destroys root and branch the power to defeat a tax, except upon meritorious ground. *H. P. Varley Association, Inc.,* v. *McFeely,* 118 *N. J. L.* 463.

Buildings on leased land are usually taxable as real estate where the land on which they stand or rest is taxable. 26 *R. C. L.* 270.

Cottages on leased land with privilege to remove were held properly assessed against the owner of the fee. *Comstock* v. *Town of Waterford (Conn.),* 81 *Atl. Rep.* 1059. So also

as to houses not affixed to the land. *Milligan* v. *Drury,* 130 *Mass.* 428.

Cases holding that the lessee may be taxed by reason of his interest in real estate do not relieve the landowner of his obligation. The fee cannot be carved to the disadvantage of the municipality. If the owner of land is desirous of avoiding taxes, which the tenant should pay, he may arrange so by contract. But the municipality in assessing land is not obliged to cast around to see who has a leasehold interest therein.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.