DIVISION OF TAX APPEALS.

LAKEWOOD JUDEAN LODGE NO. 1351, B'NAI B'RITH, PETITIONER, v. TOWNSHIP OF LAKEWOOD, RESPONDENT.

For the year 1945.

Decided August 12, 1947.

For the petitioner, *Milton Miller.*

For the respondent, *E. Elmer Matthews.*

LABRECQUE, COMMISSIONER. Petitioner herein seeks a cancellation of the 1945 assessment on its property at No. 425 Fourth Street, Lakewood, New Jersey. The assessment was originally attacked on two grounds; that petitioner was a corporation devoted solely to charitable purposes, and that the premises were owned by the Township of Lakewood on the assessment date, and hence were not taxable for the year 1945.

From the testimony taken and the exhibits offered, it is undisputed that, on October 1st, 1944, the assessing date, the premises in question were owned by the Township of Lakewood. On October 25th, 1944, the township deeded the property to one Sidney Zweben. Zweben retained title only until January 19th, 1945, at which time he conveyed the premises to the petitioner. In July of 1945, the petitioner received what purported to be a final tax bill for the year 1945, based upon the assessment complained of.

It is clear that the assessment in question must be set aside. The rule is well settled that the taxation of property in this state is based upon the status of the property as of the assessing date and not as of the tax year or any portion thereof. *Jersey City* v. *Montville,* 84 *N. J. L.* 43; 85 *Atl. Rep.* 838. Since, on October 1st, 1944, the owner of the property was the Township of Lakewood, the property was exempt for the entire year of 1945. *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3. *Corrado* v. *Hoboken,* 20 *N. J. Mis. R.* 134; 25 *Atl. Rep.* (2d) 287.

It is urged, in support of the assessment, that it was authorized by chapter 137 of the laws of 1945, *R. S.* 54:4–63.2; *N. J. S. A.* 54:4–63.2. The statute in question provides that when any parcel of real property has been sold by any municipality and the deed has been delivered after October 1st in any year and before January 1st following, the assessor shall determine the full and fair value of such parcel as of said January 1st and shall enter the amount of such assessment in a list to be known as the "added assessment list." The statute further provides, *R. S.* 54:4–63.3; *N. J. S. A.* 54:4–63.3, that where the sale by the municipality takes place after January 1st, the assessor shall determine the fair value of the property as of the first of the month following the date of delivery of the deed, and thereafter levy a proportionate assessment.

But the cited statute conferred no authority upon the assessor to levy the present assessment. The statute was not approved and did not become effective until April 10th, 1945. Such statutes are to be considered prospective only unless the language is such as to show clearly that they are intended

to have a retroactive effect. *Wittes* v. *Repko,* 107 *N. J. Eq.* 132; 151 *Atl. Rep.* 850. The intention to give to the statute a retroactive effect must be expressed in clear and concise terms. *Harrington* v. *Chopke,* 110 *N. J. Eq.* 574; 160 *Atl. Rep.* 335; *Bradford* v. *Commonwealth Casualty Co.,* 10 *N. J. Mis. R.* 301; 158 *Atl. Rep.* 840. No such intention is expressed in the present statute. It is clear that it could not in anywise affect the assessment which was required to be made on October 1st, 1944. *Atlantic City* v. *Pleasantville, N. J. Tax Reports* 1912-1934, *p.* 264; 43 *N. J. L. J.* 51; *Lyndhurst Hebrew Association, Inc.,* v. *Township of Lyndhurst, N. J. Tax Reports* 1934-1939, *p.* 45; *Lyndhurst* v. *Masonic Club of Lyndhurst, N. J. Tax Reports* 1934-1939, *p.* 389; *Hoboken* v. *Hoboken Lodge, N. J. Tax Reports* 1934-1939, *p.* 390; *Hoboken* v. *Hoboken Association, N. J. Tax Reports* 1934-1939, *p.* 452.

Since the statute cited could confer no authority for the making of the assessment, the judgment of the Ocean County Board of Taxation is reversed, and the assessment canceled.

In view of the conclusion reached, it is unnecessary to consider the remaining ground urged by the petitioner.