Division of Tax Appeals.

IN THE MATTER OF THE APPEAL OF MAJOB REALTY CORPORATION v. CITY OF HOBOKEN FOR THE YEAR 1945.

Decided September 2, 1947.

For the petitioner, *Fredman & Fredman.*

For the respondent, *John J. Fallon (Otmar J. Pellet* and *John J. Traynor,* of counsel).

Conklin, Commissioner. The Majob Realty Corporation appeals from the assessments made by the City of Hoboken on Block 223, Lot P1 (No. 44 Newark Avenue) ; Block 223, Lot P1 (No. 89 Hudson Street) ; and Block 223, Lot P1 (No. 91 Hudson Street) for the year 1945. These assessments were made under the provisions of *R. S.* 54 :4–63.2 and 54 :4–63.3, as amended by chapter 137 of the laws of 1945 (*N. J. S. A.* 54 :4–63.2, 54 :4–63.3). The properties were purchased by the petitioner after the assessing date, October 1st, 1944, but prior to April 10th, 1945, the effective date of the amendment of the Revised Statute hereinbefore referred to.

Former President Quinn of the Board of Tax Appeals ruled that property owned by a taxing district as of the assessing date and subsequently sold, is exempt from taxation for the entire tax year, and no partial or proportionate tax assessment thereon could be made against a purchaser of the property during that tax year; *Corrado* v. *City of Hoboken,* 20 *N. J. Mis. R.* 134; 25 *Atl. Rep.* (*2d*) 287. This opinion has been followed by this Division. With the intention to restore to the tax rolls, property purchased from a taxing district, chapter 137 of the laws of 1945 was passed and became effective on April 10th, 1945, as an amendment to *R. S.* 54:4–63.2 and 54:4–63.3; *N. J. S. A.* 54:4–63.2 and 54:4–63.3. It provides that when any parcel of real estate has been sold by a municipality as property not needed for public use, and the deed has been delivered after October 1st in any year and before the January 1st following, the assessor shall, after examination and inquiry, determine the full and fair value of such parcel of real property as of January 1st, and if such parcel of real estate was not assessed as of October 1st preceding, the assessor shall enter the amount of such assessment on the added assessment list. And also, if a deed is delivered after the 1st of January, then the assessor shall determine the value as of the first of the month following, add the property to the assessment rolls as an added assessment and pro rate the taxes for the balance of the year.

When these sales were made and title closed, the premises in question were listed on the tax records as being exempt from taxation and there was no law in effect covering payment of taxes by way of added assessment. The appellant contends that the act of April 10th, 1945, relating to added assessments, does not affect the premises in question. I do not believe that it does.

It is a well known rule of statutory construction that the legislative intent to give a statute retroactive effect must be expressed in the particular statute in clear and concise terms.

See the following cases: *Harrington Co.* v. *Chopke,* 110 *N. J. Eq.* 574; 160 *Atl. Rep.* 335; *Bradford* v. *Commonwealth Casualty Co.,* 10 *N. J. Mis. R.* 301; 158 *Atl. Rep.* 840; *Burdett* v. *Municipal Employees, &c., of Newark,* 129

N. J. L. 70; 28 *Atl. Rep.* (2d) 93; *Wittes* v. *Repko,* 107 N. J. Eq. 132; 151 *Atl. Rep.* 850; *Regan* v. *State Board of Education,* 109 N. J. L. 1; 159 *Atl. Rep.* 691; *affirmed,* 112 N. J. L. 196; 170 *Atl. Rep.* 16. No such intent is expressed in the statute under which the assessment was made, to the effect that it be retroactive or retrospective. For this reason it would not apply to sales made between October 1st, 1944, and April 10th, 1945, and no taxes were lawfully levyable for the year 1945 upon these particular properties.

Judgments accordingly.