## ROLFFS et al. v. SPRINGFIELD TP.

Department of the Treasury,
Division of Tax Appeals, New Jersey.

Jan. 11, 1949.

Grover F. Kipsey, of Somerville, for petitioners.

Robert F. Darby, of Newark, for respondent.

LABRECQUE, C.

The petitioners appeal from the action of the Union County Board of Taxation affirming an added assessment in the amount of $10,000 levied for the year 1947.

On October 1, 1946, one Paul F. Prince was the owner of a large tract of unimproved land in the respondent township. On November 15, 1946, he conveyed a portion thereof to the petitioners herein. They thereupon proceeded to erect a factory building upon the premises. Con-

struction of the building was started after October 1, 1946 and was completed on or before January 1, 1947.

The township assessor in making up his books for the year 1947 levied an assessment against the petitioners' property, as of October 1, 1946, of

| | |
|---|---|
| Land | $ 2,100 |
| Imps | 10,000 |
| Total | $12,100 |

He did this, notwithstanding that the entire tract of land had been assessed to Prince, who did not appeal, but paid the assessment in full.

An appeal from this assessment was taken to the Union County Board of Taxation. The County Board set the assessment aside. The reasons given for its judgment were, "Land is also assessed to former owner Paul F. Prince. Building not started on October 1, 1946."

Following the hearing before the County Board and within the statutory period, the township assessor laid an added assessment against the petitioners' property as of January 1, 1947, in the amount of, improvement, $10,000. An appeal from this assessment was taken to the County Board, resulting in an affirmance, from which action the present appeal is taken to us.

It is urged that the action of the County Board in cancelling and remitting the prior assessment was res adjudicata and precluded the levying of an added assessment against the subject premises. The facts before us do not sustain this contention. On the contrary, as appears by the records of the County Board, it cancelled the assessment on the land for the reason that on the assessing date the land in question was the property of Mr. Prince, to whom it was assessed and who paid the taxes thereon. The building assessment was cancelled for the reason that there was no building on the premises on the assessing date. Both these reasons were entirely consistent with the action of the assessor in later levying an added assessment to take into considera-

tion the improvement which had been constructed on the premises prior to January 1, 1947.

The applicable statute, R.S. 54:4–63.2, N.J.S.A., reads as follows: " * * * when any parcel of real property contains any building or other structure which has been erected, added to or improved after October first in any year and completed before January first following, the assessor shall, after examination and inquiry, determine the full and fair value of such parcel of real property as of said January first, and if such parcel of real estate was not assessed as of October first preceding or if such value so determined exceeds the assessment made as of October first preceding, the assessor shall enter the amount of such assessment or such excess, as an assessment or an added assessment against such parcel of real property, in a list to be known as the 'Added Assessment List, 19' (inserting the name of the year in which the assessment is made); such entry to be made opposite the name of the owner and the description and area of the parcel of real property."

It seems quite clear that the statute was intended to apply to just such a state of facts as the one sub judice. The fact that the assessor erroneously levied an assessment against both the land and building in the first instance cannot deprive the municipality of its right to compel these taxpayers to pay their just share of taxes, based upon the property owned by them during the assessment year. Becker v. Mayor and Council of Borough of Little Ferry, 125 N.J.L. 141, 14 A.2d 493, affirmed 126 N.J.L. 338, 19 A.2d 657.

Nor was the added assessment vitiated by the fact that there was no land actually assessed to the petitioners for the year in question. The land in dispute was assessed to Prince, the owner on the assessing date. His interest in the property passed to the petitioners on November 15, 1946. While it may be argued that there should have been an actual apportionment of the land as between Mr. Prince and the petitioners, nevertheless this procedure was not a sine qua non to the validity of the assessment and its omission did not deprive the

municipality of its right to tax the subject premises. Becker v. Mayor and Council of Borough of Little Ferry, *supra.* This is especially true, since under R.S. 54:4-26, N.J.S.A., provision is made for the enactment of rules requiring that the assessment of lands and improvements be made separately. Such rules have been uniformly applied and carried out and our courts have held that an appeal may be taken from the assessment on the improvement without questioning the assessment on the land. City of Newark v. Timer, 170 A. 37, 12 N.J.Misc. 125.

Any further doubt concerning the validity of the assessment is resolved against the appellants by the provisions of R.S. 54:4-58, N.J.S.A., which provides: "No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid."

In Becker v. Mayor and Council of Borough of Little Ferry, 126 N.J.L. 338, 19 A.2d 657, our then highest court held that the statute in question destroyed, root and branch, the power to defeat a tax, except upon a meritorious ground. See also Musconetcong Iron Works v. Borough of Netcong, 90 N.J.L. 58, 99 A. 914.

The assessor determined that the property had been enhanced in value to the extent of $10,000, by reason of the erection of the improvement. The correctness of the amount of the assessment has not been brought into question. Since both the building and the land on which it was erected were in fact liable to taxation, the County Board properly dismissed the appeal.

The action of the Union County Board of Taxation is affirmed.