16 N.J. Super. 505 (1951)
85 A.2d 216
JABERT OPERATING CORPORATION, PLAINTIFF-APPELLANT,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1951.
Decided December 11, 1951.
*507 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Milton M. Unger argued the cause for appellant (Messrs. Milton M. and Adrian M. Unger, attorneys; Mr. Sidney S. Jaffe on the brief).
Mr. Harry A. Pine argued the cause for respondent (Mr. Charles Handler, attorney; Mr. Pine on the brief).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
For many years prior to 1949 property at 223-237 Washington Street, Newark, *508 was listed by the city as exempt from taxation within R.S. 54:4-3.6 as property actually and exclusively used for charitable and religious purposes by its owner, The Salvation Army. Such ownership and use obtained on October 1, 1948, the date as of which assessments for 1949 were made. Nevertheless, the city imposed an assessment for 1949 because on November 9, 1948, title to the premises was conveyed by The Salvation Army to appellant, Jabert Operating Corporation, admittedly not a corporation authorized to carry out charitable and religious purposes. The Essex County Board of Taxation and the Division of Tax Appeals, on successive appeals by Jabert Operating Corporation to those bodies, affirmed the assessment, and this appeal is from the latter's judgment.
The question for decision is whether the refusal below to cancel the assessment was proper on the only ground urged by the city, namely, that appellant was not to be heard in either the county board or the Division of Tax Appeals to "claim" the exemption as it is not an organization of the class contemplated by the last sentence of R.S. 54:4-3.6 reading: "The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed."
This taxpayer when appealing the assessment to the county board of taxation on the ground that the property was exempt was a taxpayer "aggrieved by the assessed valuation of his property" given a right of appeal by R.S. 54:3-21, and when appealing to the Division of Tax Appeals was an "appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal," authorized by R.S. 54:2-39 to seek redress from that body. Appellant was not in either case an owner "claiming" an exemption within the purport and meaning of R.S. 54:4-3.6. Property is assessable or exempt with reference only to its ownership and use on October 1 preceding the calendar year. Jersey City v. Montville, 84 N.J.L. 43 (Sup. Ct. 1913), affirmed 85 *509 N.J.L. 372 (E. & A. 1913). In speaking of the owner "claiming the exemption," R.S. 54:4-3.6 means the owner as of that day. Cf. R.S. 54:4-1. The listing of the property as exempt requires that the owner on October 1st satisfy the statutory requisites both as to ownership and use. Since on October 1, 1948, the ownership and use of the property by The Salvation Army was such as to qualify the property for exemption, that fact established the status of the property as exempt for the entire year 1949. Lakewood Judean, etc., v. Lakewood Township, 25 N.J. Misc. 421 (Div. Tax Apps. 1947); Corrado v. Hoboken, 20 N.J. Misc. 134 (St. Bd. Tax Apps. 1942).
The Legislature enacted L. 1949, c. 144, p. 524 (N.J.S.A. 54:4-63.26 et seq.) to enable a municipality to collect taxes in such a case as this, providing that when any real property is by law exempt from taxation and the right to such exemption ceases by reason of a change in use or ownership subsequent to October 1, but prior to January 1, the property becomes taxable for the entirety of the ensuing tax year commencing January 1, and if between January 1 and October 1, for the proportionate part of the year then remaining. That statute, however, has no application here, as by its terms it did not take effect until October 1, 1949.
Reversed with direction to enter judgment cancelling the assessment.