THE BOROUGH OF LONGPORT, RESPONDENT, v. MAX AND
SARAH BAMBERGER SEASHORE HOME, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The property of the respondent was assessed for taxes, by
the assessor of the borough of Longport, in the sum of $60,-
129, from which assessment the respondent appealed to the
Atlantic county board of taxation, on the ground that the
institution maintained by the respondent was a charitable in-
stitution and exempt from taxation by virtue of chapter 278
of *Pamph. L.* 1913, *p.* 570.

"That board determined that the property was not exempt
and sustained the assessment. The respondent then appealed
to the state board of taxation, which determined that the prop-
erty in question was actually used for charitable purposes on
May 20th, 1915, and ordered the assessment canceled.

"Section 4, chapter 278 of the laws of 1913 exempts from
taxation all buildings and land owned by charitable institu-
tions *actually* used for charitable purposes, at the time fixed
by law for the assessment of taxes.

"The testimony shows that the petitioner acquired title to
its lands in Longport in the early part of 1914; that build-
ings were erected thereon and completed before December
31st, 1914; that the institution was not actually opened and
in use until July 1st, 1915.

"The inquiry, therefore, is as to the construction of the
words '*actually* used for charitable purposes' contained in the
act of 1913.

"However we might feel predisposed to favor the claim for
exemption in this case, we cannot but be mindful of the fact
that our solution of the inquiry is not at all fancy free, but
that our judgment must be guided and controlled upon the

principle of *stare decisis,* which brings us inevitably to a denial of the validity of the respondent's claim.

"The act of 1913, under which the tax is laid, and upon the terms of which the exemption must be demanded and supported, is not before us for the first time.

"The case of *Holy Angels* v. *Fort Lee,* 80 *N. J. L.* 545, settled the construction of the act adverse to the contention of the respondent, and the rule was there laid down that 'where a building is in course of erection, intended to be used for a charitable purpose, but not actually used therefor, it is not exempt from taxation.'

"This court there dealt with the construction to be given the words *'actually used,'* as contained in the act of 1903, and since the language is the same in the act of 1913, the disposition of the application now before us must be made upon the ruling in that case.

"The facts in this case make it apparent that the building of the respondent, on May 20th, 1915, was not in actual use as a charitable institution, and, therefore, the rule applied in the former case leaves no basis for construction here.

"The result is the tax must be affirmed, but without costs."

For the appellant, *Clarence L. Cole.*

For the respondent, *Harry Wootton.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, JJ. 8.

*For reversal*—PARKER, WILLIAMS, JJ. 2.