[Civ. No. 18956.   Second Dist., Div. Two.   Sept. 30, 1952.]

FIRST BAPTIST CHURCH OF SAN FERNANDO (a Corporation), Appellant, v. THE COUNTY OF LOS ANGELES et al., Respondents.

Miller, Beck & Stillwell for Appellant.

Harold W. Kennedy, County Counsel, and Arvo Van Alstyne, Deputy County Counsel, for Respondents.

FOX, J.—Plaintiff appeals from a judgment denying its claim for a tax refund.

Plaintiff paid under protest the real property taxes for 1949-1950 on three lots and the structure thereon. It contends the property was eligible for the "church exemption" granted by section 1½ of article XIII of the California Constitution.*

On the first Monday of March, 1949, and for some years prior thereto, the plaintiff church corporation was the owner of seven lots contiguous to each other in the city of San Fernando. An old church building was located on four of these lots. This latter property was admittedly exempt from taxation. The remaining three lots, however, "were never exempted from taxation . . . during any tax year prior to 1949."

On August 30, 1948, plaintiff church held a public ground-breaking ceremony for the construction of a new church on these three lots. On January 9, 1949, the church held a public cornerstone-laying ceremony. These ceremonies were conducted by the pastor of the church pursuant to his duties as such pastor, and were essentially religious in nature, and

---

*Constitution of California, article XIII, section 1½, reads: "All buildings, and so much of the real property on which they are situated as may be required for the convenient use and occupation of said buildings, when the same are used solely and exclusively for religious worship, shall be free from taxation; provided, that no building so used which may be rented for religious purposes and rent received by the owner thereof, shall be exempt from taxation."

constituted acts of religious worship. When the cornerstone-laying ceremonies took place the new church building was under construction. A portion of this ceremony took place in the old church, which is not located on these lots, and a portion in the immediate vicinity of the front steps of the new building. Many of the persons in attendance at the latter portions of the rites were inside the new building and there observed and listened to the ceremony which took place outside.

The court found that on the first Monday in March, 1949, the new building "was still under construction and was not completed" although it was designed and intended for use as a new church, and that said building was not on that date nor prior thereto used solely and exclusively for religious worship. The first regular Sunday religious services were held in the new church building on April 10, 1949.

Plaintiff contends the ground-breaking and cornerstone-laying observances established the building as "used solely and exclusively for religious worship," and hence entitled to the church exemption. This position is not well founded.

■ The rule of "strict but reasonable construction" applies to constitutional provisions and statutes granting exemption from taxation. (*Cedars of Lebanon Hospital* v. *County of Los Angeles*, 35 Cal.2d 729, 734-735 [221 P.2d 31, 15 A.L.R. 2d 1045].)

Applying this principle to the facts at hand (*Serra Retreat* v. *County of Los Angeles*, 35 Cal.2d 755, 758 [221 P.2d 59]), plaintiff fails to bring itself within the purview of the church tax exemption provision of the Constitution. (Art. XIII, § 1½.) It is clear, and the court found, that on the taxing date the building was still under construction and was not completed. It is no doubt true that when the ground-breaking and cornerstone-laying ceremonies were held plaintiff intended to use the building when completed for religious worship—perhaps solely and exclusively for that purpose.

■ But the constitutional provision unequivocally requires that the property be "used" for the designated purpose. Such express limitation, making *use* the crucial point of determination, contemplates *actual use* as differentiated from an *intention to use* the property for a particular purpose. (*Cedars of Lebanon Hospital* v. *County of Los Angeles, supra*, p. 742.) In applying this principle it was held that under the welfare tax exemption provision of the Constitution (art. XIII, § 1c), which contains substantially the same language as does the church exemption section (art. XIII, § 1½), a hospital was

not entitled to tax exemption of its dormitory for student nurses which was 85 per cent completed on the taxing date. The fact of use on the tax date rather than an intention to use was the deciding factor. (*Cedars of Lebanon Hospital* v. *County of Los Angeles, supra,* p. 742; *Southern Calif. Telephone Co.* v. *Los Angeles County,* 212 Cal. 121, 125-126 [298 P. 9]; *Borough of Longport* v. *Bamberger Seashore Home,* 91 N.J.L. 330 [102 A. 633]; *Mullen* v. *Commissioners of Erie County,* 85 Pa. 288 [27 Am.Rep. 650].)

The finding that the building was not used for religious worship on the first Monday in March, 1949, and had not been so used prior thereto is not negated by the ground-breaking and cornerstone-laying ceremonies. ▮ Certainly the ground-breaking cannot be regarded as a use of the building since that observance merely marks the beginning of construction. ▮ The cornerstone-laying ceremony was not such a service as to impel the trial court to determine the building was being used for religious worship on the first Monday in March. Such a ceremony simply marked a forward step in the progress of the building program. It is not a use of the building for religious worship but rather an occasion for such a service.

The character of the occasion, the incompleteness of the structure, and the fact that no other services were held in it for a period of three months, justify the inference that the cornerstone-laying ceremony was not a use of the building for religious worship and was not even intended as such. The fact that the structure was "still under construction" on the tax date fortifies the finding it was not being used for religious worship at that time, hence it was not entitled to the church exemption from taxation.

A case strikingly similar to this one is *Mullen* v. *Commissioners of Erie County, supra.* There a cathedral was under construction but was not yet completed. No religious services had been held on the premises except the services when the cornerstone of said cathedral was laid. The constitution exempted "actual places of religious worship." It was held that the structure was not entitled to the tax exemption.

▮ Plaintiff seeks to establish exemption on the theory that the new structure is merely an enlargement of the old church. (See *Cedars of Lebanon Hospital* v. *Los Angeles County, supra,* p. 743.) While the three lots on which the new structure stands are adjacent to the four lots on which

the old church is located they are nevertheless separate parcels of property and not part of the church property. They have never been exempt from taxation as being "required for the convenient use and occupation" of the old church. (See art. XIII, § 1½, *supra*.) Furthermore, the structure is new. It apparently is a building that is complete in itself. It is not attached to the old building. It cannot, therefore, be truly said that it is an enlargement of the other building, and the trial court has not so found.

Finally, the Legislature has indicated its interpretation of the church exemption provision of the Constitution (art. XIII, § 1½) as not exempting from taxation *a building in the course of construction which is intended to be used* solely and exclusively for religious worship because the 1951 Legislature adopted a resolution proposing to amend the section so as to provide for such a tax exemption. This proposition will be on the ballot at the next general election. The construction placed on this constitutional provision by the Legislature "is of very persuasive significance" (*Reynolds v. State Board of Equalization*, 29 Cal.2d 137, 140 [173 P.2d 551, 174 P.2d 4]; *Delaney v. Lowery*, 25 Cal.2d 561, 569 [154 P.2d 674]), and serves to fortify the conclusion we have reached.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.