YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF PHILA-
DELPHIA, PENNSYLVANIA, PROSECUTORS, v. MON-
MOUTH COUNTY BOARD OF TAXATION ET AL., RE-
SPONDENTS.

Argued November 6, 1918—Decided February 19, 1919.

Land, owned by a charitable organization, the improvements whereof
have been totally destroyed by fire, leaving the land unoccupied
and unused, is not land "actually used for charitable purpose" so
as to exempt such property from taxation. Use is the dominant
factor upon which exemptions of this character are based, and to
bring the use within the legislative contemplation it must be based
upon a use of the entity, and cannot be applied to a severance of a
freehold, by which the building or the land may be severally and
independently exempted.

On *certiorari* removing assessment for taxes.

Before Justices PARKER and MINTURN.

For the prosecutors, *McCarter & English.*

For the county board, *Horace W. Roberts.*

For the collector, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

MINTURN, J. The prosecutor was incorporated by an act
of the general assembly of Pennsylvania May 9th, 1871, for
certain purposes and acquired a plot of ground one hundred
and fifty feet front on First and Second avenues by three hun-
dred feet on Heck street, in Asbury Park. On this plot were
erected buildings used by the prosecutor and which were
totally destroyed by fire April 6th, 1917, in which a large
number of other buildings were also destroyed.

At the period of the year 1917 when the assessor of Asbury
Park was required to levy assessments for the purpose of taxa-
tion, the plot of ground in question was vacant and was not

used for any purpose exempting it from taxation, and the assessor of Asbury Park assessed it at $19,200. On appeal to the Monmouth county board of taxation this assessment was affirmed, and prosecutor now seeks to have it set aside by this court as tax free because owned exclusively by a charitable organization and devoted entirely to charitable uses.

We think this tax was properly imposed. To admit the claim of the prosecutor would be tantamount to conceding that an owner whose building has been destroyed may leave the land unoccupied by any structure *ad infinitum,* and claim exemption by reason of ownership by a charitable body. Ownership is not the sole and only test. Use is the dominant factor upon which exemptions of this character are based, and to bring the use within the legislative contemplation, it must be based upon a use of the entity, and cannot be applied to a severance of a freehold, by which the building or the land may be severally and independently exempted.

The language of the act (*Pamph. L.* 1913, *p.* 570) is in the conjunctive, buildings and land actually used for charitable purposes. The public policy underlying concessions of this character is invariably based upon actual use as a presumable *quid pro quo* for the concession. Once the use ceases, the legislative reason actuating the concession ceases with it. *Ratione cessante cessat ipsa lex.* Such is the *ratio decidendi* of the various adjudications of this court, and the Court of Errors and Appeals where the question has received consideration. One of the most recent is *Longport* v. *Bamberger Seashore Home,* 91 *N. J. L.* 330, where a construction was placed upon the words "actually used" in the various exemption enactments entirely consistent with the view here expressed. See also *Fairview Cemetery Co.* v. *Fay,* 90 *N. J. L.* 427.

The writ will be dismissed.