SHELTON COLLEGE, A CORPORATION, APPELLANT, v. BOROUGH OF RINGWOOD, A MUNICIPAL CORPORATION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1957—Decided December 6, 1957.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Jerome C. Eisenberg* argued the cause for appellant (*Messrs. Eisenberg & Spicer,* attorneys).

*Mr. Louis Wallisch, Jr.,* argued the cause for respondent (*Messrs. Wallisch & Wallisch,* attorneys).

PER CURIAM. This appeal seeks an adjudication that the appellant is entitled to exemption from taxation for a part of the tax year 1954 of certain property upon which it operates a college but to which it did not obtain title until February 16, 1954. Appellant was organized as a New Jersey corporation February 3, 1954. The Division of Tax Appeals held against the exemption on the ground that the claimant was not in ownership of the property on October 1, 1953, relying upon *Jabert Operating Corp. v. City of Newark,* 16 *N. J. Super.* 505 (*App. Div.* 1951). Appellant asks that the cited case be declared unauthoritative for a number of reasons, none of which we find persuasive.

Ever since *Jersey City v. Montville Tp.,* 84 *N. J. L.* 43 (*Sup. Ct.* 1913), affirmed on the opinion below in 85 *N. J. L.* 372 (*E. & A.* 1913), it has been uniformly recognized by the tax administration authorities of this State that the status of property for purposes of exemption *vel non* is conclusively determinable upon the basis of whether or not the statutory criteria of ownership and use were met on the day fixed by the statute as the assessing date, which now and long past has been October 1 preceding the tax year. *N. J. S. A.* 54:4-1; and see *N. J. S. A.* 54:4-23, 35. Application of that test determines the right of exemption or the burden of taxation for the entirety of the ensuing tax year (but see *L.* 1949, *c.* 144, *infra*). The declaration

in the *Jabert* case, *supra,* was merely an affirmation of what had long been understood to be the law. Appellant attacks the ruling in *Jabert* on the ground it did not consider the decision in *Borough of Edgewater v. Corn Products Refining Co.,* 136 *N. J. L.* 664 (*E. & A.* 1948). That case dealt with the construction of *R. S.* 54:4–56 and we think it clear it has no bearing upon the rule here involved.

 Appellant is confronted not only with *stare decisis* but with the effect of the rule of construction arising from legislative treatment of a statute previously judicially construed without disturbance of the result of such construction. *State v. Moresh,* 132 *N. J. L.* 77, 79 (*E. & A.* 1939); *Delaware, L. & W. R. Co. v. Division of Tax Appeals,* 3 *N. J.* 27, 37, 38 (1949). The tax statutes construed in the *Montville* case were revised on subsequent occasions, and there was a general revision of all the statutes, including those dealing with taxation, in 1937. At no time prior to 1949 was the rule of *Montville* disturbed. In that year the Legislature altered the rule, but only to the extent of subjecting to taxation property exempt as of the prior October 1 but losing the exemption qualifications thereafter, in which case an omitted assessment is imposed for the part of the tax year remaining after the loss of the exemption qualifications. *L.* 1949, *c.* 144 (*N. J. S. A.* 54:4–63.26 *et seq.*). The fact that the Legislature failed at the same time to provide for a proportionate exemption in the converse situation, *i. e.,* where the property acquired the exemption qualifications for the first time after the prior October 1, is cogent evidence of a presumptive legislative intent to leave the rule in that respect in the same status as declared in *Montville* and followed by the tax administration authorities ever since. *State v. Moresh, supra; In re Allen's Estate,* 23 *N. J. Super.* 229 (*Ch. Div.* 1952).

The rule is not at this late date to be redetermined by the judiciary on a *de novo* exegesis of the pertinent statutes. If there is any unfairness in the present operation of the rule, it is for legislative attention exclusively.

Affirmed.