BETH ISRAEL CEMETERY ASSOCIATION OF WOODBRIDGE, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. TOWNSHIP OF WOODBRIDGE, JOHN J. DEGNAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY AND THE NEW JERSEY CEMETERY BOARD, DEFENDANTS.

Tax Court of New Jersey

June 26, 1980.

*John W. Spoganetz* for plaintiff, Beth Israel Cemetery Association of Woodbridge.

*Alfred F. Russo* for defendant, Township of Woodbridge.

Honorable *John J. Degnan*, Attorney General, by *Mark S. Rattner*, Deputy Attorney General, for defendants, Attorney General of the State of New Jersey and New Jersey Cemetery Board.

ANDREW, J. T. C.

Plaintiff, a nonprofit cemetery association, seeks exemption from local property taxation for the tax years of 1975 and 1976. The assessor for the defendant taxing district denied the exemption due to the plaintiff's alleged failure to comply with the statutory requisites for the exemption of land owned by the plaintiff pursuant to *N.J.S.A.* 8A:5–10.

The vacant land, consisting of approximately 19.5 acres, is identified as Block 309, Lot 1D on the Woodbridge Township tax maps for 1975 and as Blocks 295–298, Lot 1D for 1976. The tax map designation changed but the land in question remained the same. The assessor assessed the land at $485,000 for the two tax years. Plaintiff does not contest the assessed value but does assert its right to exemption from taxation. The Middlesex County Board of Taxation affirmed the assessor's determination for each year both as to value and as to denial of exemption.

Beth Israel Cemetery Association of Woodbridge, New Jersey is a nonprofit corporation which was originally incorporated on September 19, 1927 pursuant to the Rural Cemetery Act. *N.J. S.A.* 8:1–1 *et seq.* repealed. It is conceded that plaintiff is now engaged in the operation of a cemetery and is authorized to act as such pursuant to *N.J.S.A.* 8A:1–1 *et seq.*, the "New Jersey Cemetery Act" specifically *N.J.S.A.* 8A:3–9.

Although the exact date or dates the subject property was acquired is not clear from the evidence, it is manifest that it was many years before the first assessment date in question, i. e., October 1, 1974. It is also evident that the subject was exempt

from taxation for a number of years prior to 1975. The assessor removed the subject from the exempt property rolls because it was his belief that it was not dedicated to cemetery purposes pursuant to *N.J.S.A.* 8A:5–10 for the tax years in question. He based his determination essentially on the following factual pattern which is not disputed.

Plaintiff entered into a written agreement to sell the subject property to Builders Equity, Inc. on April 12, 1974. This contract indicated that the purchaser intended to construct townhouses but would require certain variations from the Woodbridge Township zoning ordinance in order to do so. The agreement was conditioned upon these necessary governmental approvals for the intended use and also upon approval of the sale by the New Jersey Cemetery Board pursuant to *N.J.S.A.* 8A:4–15.

The plaintiff, by letter dated April 30, 1974, made application to the Cemetery Board for approval of the sale. The letter made specific reference to the statute which required the plaintiff to adopt a resolution that the land to be conveyed was not necessary or suitable for interment purposes in accordance with *N.J.S.A.* 8A:4–15. The minutes of the New Jersey Cemetery Board meeting of June 12, 1974 clearly indicate that the Board approved the sale subject only to its receipt of an affidavit from the purchaser that no principals nor employees of the purchaser had a direct or indirect financial interest in the plaintiff. The plaintiff was advised of this action by letter dated June 28, 1974 addressed to the attorney for the plaintiff. Although there is no evidence that this was done it is assumed that plaintiff complied with the condition since the sale was ultimately consummated on August 10, 1976.

The zoning approvals were not finally obtained until approximately June 15, 1976 and as stated settlement occurred thereafter on August 10, 1976.

The sole issue presented to this Court is whether the subject property should continue to enjoy the exemption previously allowed and now denied by the assessor for the tax years of 1975 and 1976.

As stated in *Locustwood Cem. Assoc. v. Cherry Hill Tp.*, 133 *N.J.Super.* 92, 96, 335 *A.2d* 571 (App.Div.1975) cemeteries are afforded tax exempt status because they promote the public health and welfare by facilitating the proper and necessary disposition of human remains. However, the fundamental approach of our taxing statutes is that normally all property will be required to bear a just and equitable share of the public burden of taxation. Therefore, statutes which grant exemption from taxation represent a departure from the norm and consequently are strongly construed against those claiming exemption. *Township of Teaneck v. Lutheran Bible Institute*, 20 *N.J.* 86, 90, 118 *A.2d* 809 (1955). The burden of establishing a tax exempt status is upon the claimant. *Jamouneau v. Division of Tax Appeals*, 2 *N.J.* 325, 330, 66 *A.2d* 534 (1949).

Under the relevant statute exemption from taxation is tested by use or proposed use of the property. *N.J.S.A.* 8A:5–10. The statute under which the plaintiff claims exemption is *N.J.S.A.* 8A:5–10 and provides as follows in pertinent part.

"Cemetery companies shall be exempt from the payment of any real estate taxes on lands *dedicated for cemetery purposes* . . . . The cemetery property of whatsoever nature of any cemetery company, and lands *dedicated prior to* or in accordance with this act shall be exempt from all taxes . . . *so long as the same shall remain dedicated to cemetery purposes*. . . . " [Emphasis supplied]

The statutory language "dedicated to cemetery purposes" has not been defined in the New Jersey Cemetery Act. *N.J.S.A.* 8A:1–1 *et seq.* This Court has been unable to find any indication that the quoted language has met with judicial scrutiny in this state.

In *Morland Mtge. Co. v. Mt. Lebanon Cemetery Assn.*, 141 *N.J.Eq.* 83, 88, 56 *A.2d* 7 (1947) the Court dealt with *R.S.* 8:2–27 which was the precursor of *N.J.S.A.* 8A:5–10. The Court opined that if lands are owned by a cemetery association and are "within reasonable contemplation" of use for cemetery purposes, the right to exemption has been established. However, in *Morland* the dedication of the lands for cemetery purposes in the future was admitted and the issues of what constituted dedication and how long it would continue did not arise.

*N.J.S.A.* 8A:6–7 provides that when land is surveyed and divided into sections, lots or graves and when a map or maps showing such is kept and filed in the office of the cemetery company and a copy of such map is filed in the Office of the New Jersey Cemetery Board, such filing will constitute a dedication for cemetery purposes. The New Jersey Cemetery Act, however, is silent as to what constitutes a dedication prior to its enactment and as to when land is no longer dedicated to cemetery purposes. *N.J.S.A.* 8A:1–1 *et seq.*

The cemetery association contends that the subject land did not cease to be dedicated to cemetery purposes until title passed to the purchaser, or at least until all of the conditions precedent to the contract were fulfilled. The township asserts that the cemetery association, by virtue of its entering into the conditional sales agreement and obtaining the approval of the cemetery board, abandoned its intent to dedicate the property to cemetery purposes.

Defendant relies upon *N.J.S.A.* 8A:4–15 which provides in relevant part as follows:

"A cemetery company may sell free from any dedication for cemetery purposes, subject to prior approval of the board, (New Jersey Cemetery Board) any land . . . *which is not, in the judgment of the cemetery company necessary or suitable for interment purposes,* providing no interment has been made therein. . . ." [Emphasis supplied]

Both the conditional agreement and the cemetery board approval were, as previously indicated, prior in time to the relevant assessment dates, October 1, 1974 and October 1, 1975.

The cemetery association presented Mr. Irwin Shipper, president of the association and chairman of the cemetery board. He was the only witness for the cemetery association. Mr. Shipper testified that the subject land was used by the association for the storage of excess earth, topsoil and the planting of trees. He also stated that the cemetery association had determined that the land would not be needed for many years and that it would be better to sell the land and use the proceeds to construct a community mausoleum. Mr. Shipper noted that in support of its application for cemetery board approval of the

sale, the association was of the opinion that the land was not necessary for cemetery purposes at that time.

He further testified that the cemetery association's intent with regard to the use of the subject did not change during 1974 and that the property could have been used for interment purposes after the cemetery board approved the sale, the only action required of the cemetery association being notification to the cemetery board that the land was being utilized for cemetery use and that the land had not been sold.

Mr. Shipper opined that the cemetery, after the conditional agreement was signed, could have used the land for cemetery purposes including interment, although this would, in his opinion, violate the agreement to sell the land. He stated that the cemetery association would not use the land for cemetery purposes in violation of the agreement.

Mr. John Redmond, the Woodbridge Township assessor, was the sole witness for the township. He stated that prior to and including the year 1974 the subject property was exempt from taxation and that the basis of that exemption was that the land was either used or intended to be used for cemetery purposes. He testified that he placed the land in question on the tax rolls for the years 1975 and 1976 due to the fact that he had become aware that a subdivision application had been made for the subject. The assessor noted that the reason he assessed the property in 1975 and 1976 was that in those years there was no longer an intent by the plaintiff to use the property for cemetery purposes.

N.J.S.A. 8A:5–10 clearly conditions the tax exempt status of cemetery land on the dedication of that land to cemetery purposes and provides that the exemption shall continue only so long as the land remains dedicated to cemetery purposes. The exemption is grounded upon full compliance with the statute. When it is no longer so dedicated the exemption cannot be afforded. The issue to be decided, then, is when did the subject property cease to be dedicated to cemetery purposes.

The verb "dedicate" denotes variously ". . . 2a: to set apart to a definite use . . . b: to become committed to as a goal", while "dedication" indicates . . . 2: a devoting or setting aside for a particular purpose . . ." A synonym is "to devote". *Webster's Third New International Dictionary* (1971 ed.).

 It is clear that not all lands owned by a cemetery company are exempt from local property taxation. The Legislature could have provided for such total exclusion from taxation by simply deleting the words "dedicated for cemetery purposes" from the enactment. It did not. To give the words utilized their actual denotation is to find that "intention" is implicit i. e., an intention to use the property within the reasonably foreseeable future for cemetery purposes. *Morland Mtge. Co. v. Mt. Lebanon Cemetery Assn., supra.* The operative fact is not the execution of a conditional sales contract nor the submission of an application for approval of the sale by the cemetery board nor the elimination of the conditions within the contract nor the actual consummation of the contract. The operative fact is that the plaintiff determined that the subject property was no longer necessary or suitable for interment purposes. Once having determined that the land was no longer necessary or suitable for its original purpose, that which could actually transpire thereafter is unimportant. The land was not intended to be used for cemetery purposes and therefore was not "dedicated" to this stated use.

Whether the land could have been used thereafter for the original purpose is of no consequence. The utilization thereafter would then constitute a re-dedication to cemetery purposes. To determine otherwise would be to hold that all land originally acquired for cemetery purposes would retain an exempt status until title is conveyed to a purchaser.

I find that by its actions and conduct, prior to October 1, 1974, the cemetery association demonstrated that it no longer intended to use the land for cemetery purposes. On April 12, 1974, the association signed a conditional agreement to sell the land. In

order to obtain the approval of the cemetery board to sell the land the cemetery association represented to the board that the subject was not necessary for interment purposes. The president of the cemetery association candidly testified that the cemetery association would not use the land for interment purposes in violation of its contract to sell the land.

It cannot be said that the plaintiff has satisfied, as it must, the statutory prerequisite that its property be "dedicated for cemetery purposes". Accordingly, the judgments of the Middlesex County Board of Taxation are affirmed. The Clerk of the Tax Court shall issue the appropriate judgment.