LARIO, J. T. C.
Plaintiff appeals from a judgment of the Mercer County Board of Taxation upholding a local property tax assessment *354 levied by defendant for the tax year 1979 on premises 438-442 East State Street, Trenton. The land was assessed at $27,700 ■ and the building thereon at $7,500, for a total of $35,200. The amount of the assessment is not in dispute and the sole issue involved is whether the subject property is exempt from taxation under the provisions of N.J.S.A. 54:4-3.6, as a building used for religious or charitable purposes.
N.J.S.A. 54:4-3.6 in pertinent part provides as follows:
The following property shall be exempt from taxation under this chapter: .. . all buildings actually and exclusively used for ... religious worship ... all buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more such purposes. ...
The material facts set forth in the pretrial order and as developed at the trial are not in dispute. It is stipulated that plaintiff is a bona fide tax-exempt religious corporation of the State of New Jersey. Plaintiff purchased the property on or about October 13,1978 for a nominal consideration of $1,000, the owner in effect having made a charitable contribution. At the time of sale the improvement was vacant, having been gutted by a fire. Plaintiff purchased the property with the intention of renovating and rehabilitating the building to render it suitable for use as a religious nursery school and day care center for the church’s parishioners. The municipality does not question that the intended use falls within the religious and charitable uses as set forth in the exemption statute, supra.
Plaintiff filed with Trenton, prior to November 1, 1978, an. “Initial Statement” claiming exemption for 1979, thus meeting the requirements of N.J.S.A. 54:4-4.4.
From the time of the purchase of the property up until the date of trial, a period of slightly more than two years, plaintiff embarked upon a program of rebuilding the premises. Within that period of time it had installed a new roof and it had performed repairs to the outside walls. As of the end of 1980 it was engaged in the installation of electrical and plumbing systems. The renovations performed were not continuous and they consumed a total of approximately six months. No im *355 provements were made during the calendar year 1978. Half of the completed work was performed over a period of three months in 1979 and the remaining half of the repairs was performed during three months in 1980. Plaintiff hoped to complete its renovations within the not too-distant future and admittedly had not completed them as of the date of the hearing. It was testified that the church had expended for the repairs performed to date approximately $31,000 and that the balance of work to be completed would cost approximately $25,000 to $30,000. The reasons for the delays in completing the renovations were lack of funds and the high cost of labor and materials which increased tremendously during the period of repairs. At the time of the hearing the front of the building was boarded up, the side entrance was closed and the property was vacant, not being used for any purpose whatsoever. Plaintiff had not occupied or used the property for the purpose intended or for any other purpose between the date of its purchase and the end of 1980.
Two main issues are raised in this case: First, may the plaintiff be granted exemption under N.J.S.A. 54:4-3.6 for the tax year 1979 notwithstanding the fact that it did not own the subject property on October 1, 1978, and, secondly, does plaintiff’s intention to use the property for an exempt purpose, coupled with its ongoing renovation and remodeling activities in order to render the property fit for such use, meet the “actual use” standard of N.J.S.A. 54:4-3.6. Plaintiff also argues a third issue in its brief which, for reasons stated below, is not cognizable by the court in adjudicating this case.
Plaintiff contends that its lack of ownership of the subject property on October 1 of the pretax year does not vitiate its entitlement to an exemption for the tax year in issue. Relied on by defendant is N.J.S.A. 54:4-23, which directs that “[a]ll real property shall be assessed to the person owning the same on October 1 in each year.” Plaintiff argues that this statute operates only to fix the date as of which the bona fide sale value of the property shall be assessed, and considers it to be without application where, as here, value is not in issue. This view is *356 clearly erroneous. Consistent with the directive of N.J.S.A. 54:4-23, the New Jersey courts have held that entitlement to an exemption is judged as of the assessing date. Shelton College v. Ringwood, 48 N.J.Super. 10, 11, 136 A.2d 660 (App.Div.1957).
In Jabert Operating Corp. v. Newark, 16 N.J.Super. 505, 85 A.2d 216 (App.Div.1951), now U.S. Supreme Court Justice Brennan, who was then a judge of our Appellate Division, held:
Property is assessable or exempt with reference only to its ownership and used on October 1 preceding the calendar year. Jersey City v. Montville Tp., 84 N.J.L. 43, 44-45 [85 A. 838] (Sup.Ct.1913). In speaking of the owner claiming the exemption R.S. 54:4-3.6 means the owner as of that day. Cf. R.S. 54:4-1. The listing of the property as exempt requires that the owner on October 1st satisfy the statutory requisites both as to ownership and use. [at 508-509, 85 A.2d 216]
See, also, Atlantic Cty. New School, Inc. v. Pleasantville, 2 N.J.Tax 192 (Tax Ct.1980).
There are various statutory exceptions to the rule that entitlement to an exemption is determined as of October 1 of the pretax year. For example, N.J.S.A. 54:4-3.6[1] provides that the exemption may be continued without interruption when property is transferred from one exempt owner to another. N.J.S.A. 54:4-63.26 and 63.28 insure that the benefit of an exemption does not continue when property is conveyed by an exempt owner to a nonexempt owner. Indeed, this provision, when coupled with the Legislature’s silence as to the reverse situation, seems to indicate an intention not to afford an exemption to an otherwise exempt owner who acquires property subsequent to the assessing date. In any case, none of the delineated statutory exceptions are of aid to plaintiff. Therefore, its lack of ownership of the property on October 1 of the pretax year is fatal to its claim for an exemption. Nor can the timely filing of an “Initial Statement,” as required by N.J.S.A. 54:4-4.4, cure plaintiff’s lack of ownership on the assessing date.
Defendant urges as its second defense that since plaintiff has never occupied or used the property for its exempt purposes, it is not entitled to the exemption.
*357 Plaintiff argues that its intent as of the assessing date to use the subject property exclusively for religious purposes qualifies it for the exemption provided by N.J.S.A. 54:4-3.6 for property “actually and exclusively” used for various religious purposes. It is well settled that the burden is on the taxpayer to prove that the property is “actually and exclusively” used for one of the enumerated purposes set forth in § 3.6, supra, in order to obtain the exemption. Long Branch v. Monmouth Medical Center, 138 N.J.Super. 524, 531, 351 A.2d 756 (App.Div. 1976), aff’d o. b. 73 N.J. 179, 373 A.2d 651 (1977).
The New Jersey courts have made a clear differentiation between intent to use property for a charitable purpose and actual use for such purpose. In Institute of Holy Angels v. Fort Lee, 80 N.J.L. 545, 77 A. 1035 (Sup.Ct.1910), a building under construction was denied a charitable use exemption. Construing the exemption statute strictly, the court (at 546) held that a building which is intended for a charitable use but not yet actually in use is not exempt from taxation. Another case denying the exemption to property under construction is Young Men’s Christian Ass’n v. Orange, 3 N.J.Misc. 404, 128 A. 580 (Sup.Ct.1925). Nor is a building which is completed but not yet open and in use entitled to an exemption. Longport v. Bamberger Sheashore Home, 91 N.J.L. 330, 102 A. 633 (E. & A. 1917).
In Y. W. C. A. v. Monmouth Tax Bd., 92 N.J.L. 330,105 A. 726 (Sup.Ct.1919), buildings used by the taxpayer, a charitable corporation, were totally destroyed by fire. As of the assessing date the land was vacant and not in use for charitable purposes. In denying the exemption, the court held that:
Ownership is not the sole and only test. Use is the dominant factor upon which exemptions of this character are based, ... The public policy underlying concessions of this character is invariably based upon actual use as a presumable quid pro quo for the concession. Once the use ceased, the legislative reason actuating the concession ceases with it. [at 331, 105 A. 726]
It is true that in the Y. W. C. A. case, supra., there was no ongoing remodeling activity as there was in the case at bar; however, in light of the other cases cited above holding that the exemption does not apply to property under construction, or even to property which is fully built but not yet open for use, *358 this distinction is meaningless. It is clear that the taxpayer herein is not entitled to the exemption provided by N.J.S.A. 54:4-3.6 because the “actual use” standard of that statute was not satisfied as of the assessing date.
Finally, under Point III of its brief, plaintiff for the first time argues that disallowance of tax-exempt status for the subject property would constitute “governmental infringement” of the freedom of religion guaranteed by the First Amendment to the United States Constitution. The court finds no need to address the merits of this argument, which was neither placed in issue in the pleadings nor in the pretrial order, R. 4:25-1, which “supercedes the pleadings where inconsistent therewith, and controls the subsequent course of action. . . . ” This issue was also not raised at trial, hence, it was not tried by consent of the parties under R. 4:9-2. Therefore, plaintiff’s constitutional argument cannot be considered in the adjudication of this action.
Since plaintiff neither owned the building in question nor occupied and used same for its exempt purposes as of October 1 of the pretax year, its application for tax exemption for the tax year 1979 is denied.

 Adopted effective February 22, 1980, after the assessing date in question.