BETH ISRAEL CEMETERY ASSOCIATION OF WOODBRIDGE, A CORPORATION OF THE STATE OF NEW JERSEY, PLAIN- TIFF-APPELLANT, v. TOWNSHIP OF WOODBRIDGE, JOHN J. DEGNAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, AND THE NEW JERSEY CEMETERY BOARD, DE- FENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 7, 1981—Decided May 5, 1981.

Before Judges MATTHEWS, MORTON I. GREENBERG and COLEMAN.

*George T. Dougherty* argued the cause for appellant (*Katz, Bitterman & Dougherty*, attorneys).

*Alfred F. Russo*, argued the cause for respondent Township of Woodbridge (*Robert P. Figarotta*, on the brief).

*John J. Degnan*, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of respondents John J. Degnan and New Jersey Cemetery Board (*Mark S. Rattner*, Deputy Attorney General, of counsel and on the statement).

PER CURIAM.

Plaintiff is a cemetery association operating under the provisions of *N.J.S.A.* 8A:1–1 *et seq.* Its cemetery facilities are located in the Township of Woodbridge. The township's tax assessor denied plaintiff its previously granted exemption from local property taxes on a portion of its property for the years 1975 and 1976. Plaintiff appealed first to the Middlesex County Board of Taxation, which affirmed the assessor's determination, and then to the Tax Court, 1 *N.J.Tax Ct.* 149, which affirmed the board's decision.

The property in question is described as being "generally undeveloped, partially wooded land." It is adjacent to the portion of plaintiff's property actively being used for interments. Sometime prior to October 1, 1974 plaintiff determined

that this land was no longer necessary for future interment purposes and decided to sell it. On April 12, 1974 plaintiff entered into a sale contract, which was subject to approval by the New Jersey Cemetery Board and to approval by the township as to the contemplated construction of townhouses on the land. The board's approval was obtained in June 1974 and the final township approvals in June 1976. The closing of title pursuant to the sale contract took place on August 10, 1976. However, the township's assessor placed the land on the tax rolls starting with the 1975 tax.year. Plaintiff paid the taxes on the land for 1975 and a portion of 1976 and appealed the assessor's determination.

The Tax Court noted that plaintiff claimed its tax exemption under *N.J.S.A.* 8A:5–10, which provides, in pertinent part, that

Cemetery companies shall be exempt from the payment of any real estate taxes on lands dedicated for cemetery purposes . . . and their heirs, devisees or assigns shall hold the same exempt from taxation so long as the same shall remain dedicated to cemetery purposes. The aforesaid exemptions shall apply also to all land, structures, buildings, and equipment used for the operation and maintenance of said lands so dedicated.

The Tax Court held that the exemption under *N.J.S.A.* 8A:5–10 continued "only so long as the land remains dedicated to cemetery purposes" and held that the "operative fact" governing the continuance of plaintiff's exemption occurred prior to October 1, 1974 when plaintiff determined that the land was no longer necessary for interment purposes. The Tax Court ruled that once this determination had been made, whatever did or could "transpire thereafter" was "unimportant." The land was no longer "intended to be used for cemetery purposes" and, therefore, ceased to be " 'dedicated' to this stated use." Consequently, from the date of its determination, plaintiff was no longer entitled to a tax exemption.

The tax exemption granted to a cemetery company under *N.J.S.A.* 8A:5–10 continues so long as the cemetery company actually holds its land for cemetery purposes or contemplates using its land for cemetery purposes in the "reasonably anticipated future." See, *e. g., West Ridgelawn Cemetery v.*

*Clifton* 8 *N.J.Misc.* 236, 237, 149 *A.* 532 (Sup.Ct.1930), aff'd 109 *N.J.L.* 146 (E.&A. 1932), *Morland Mtg. Co. v. Mt. Lebanon Cemetery Ass'n*, 141 *N.J.Eq.* 83, 88–89 (Ch. 1947). We conclude that plaintiff's determination to sell the land and thereafter actually taking steps to divest itself of title constituted an abandonment of the dedication of the land in question for cemetery use.

We affirm substantially for the reasons expressed by Judge Andrew in the tax court.