CONLEY, J. T. C.
This matter involves plaintiff’s claim for an exemption from local property taxes in 1981 for an improvement completed during the tax year and subjected to an added assessment. The facts are not in dispute and plaintiff has filed a motion for partial summary judgment. Defendant has filed a cross-motion for summary judgment.
Plaintiff is a nonprofit corporation organized for charitable purposes under Title 15 of the laws of New Jersey. Its principal activity is the operation of an educational and research facility concerned with the various mental disabilities classified as the schizophrenias. It assists those who suffer from these and other mental illnesses through individualized programs of diagnosis and outpatient treatment. In connection with its charitable purposes plaintiff owns land in Montgomery Township, Somerset County, known as Lots 42 and 43 of Block 28001. Together the lots total 9.93 acres. Prior to the year in question both lots had been assessed as unimproved farmland. In the summer of 1980 plaintiff commenced construction of a one-story office and *664 research facility on lot 43. On October 21, 1980 plaintiff submitted an application to defendant’s tax assessor for the exemption of both lots for 1981 based on the new improvement on lot 43. The assessor denied plaintiff’s application for exemption on January 12, 1981 because the properties were not “actually and exclusively used for . .. purposes which would support a tax exemption.” Even though construction was underway on Lot 43 as of October 1, 1980, the assessor again assessed both lots for 1981 as unimproved farmland. Lot 42 was assessed at $10,400 and Lot 43 at $68,800. Plaintiff filed a timely appeal to the Somerset County Board of Taxation challenging the denial of its exemption claim for 1981, but the county board affirmed both assessments on November 13, 1981. Plaintiff has not contested this determination.
In the meantime, as of May 26, 1981 plaintiff had begun to occupy and use its new building, presumably for exempt purposes. In September 1981 defendant notified plaintiff of a rollback tax assessment under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., and an added assessment for the improvement on Lot 43 for the seven-month period from June through December 1981. N.J.S.A. 54:4-63.3. The added assessment on the basis of a full year was $418,100, but the taxable value as allocated for the seven months the building was complete was $243,891. Plaintiff appealed to the county board from both the rollback tax assessment and the added assessment, although plaintiff later withdrew the rollback petition. At the county board hearing on the added assessment appeal plaintiff sought to introduce proofs regarding its exempt use of the property. It did so, in effect, as an affirmative defense to the added assessment. The county board concluded that since plaintiff had not been using its building for exempt purposes on October 1, 1980, it could not be eligible for an exemption from the added assessment in 1981. Plaintiff then filed a complaint in the Tax Court contesting the latter judgment of the county board. Plaintiff does not challenge the amount of its added assessment. It argues only that its building and five acres of land should be exempt from the added assessment under N.J. *665 S.A. 54:4-3.6. The crux of plaintiff’s case is that tax-exempt status for new construction should be determined as of the date of an added assessment rather than as of the traditional assessing date of October 1 of the pretax year.
It is the settled law of this State with regard to existing improvements that tax-exempt status is determined as of October 1 of the pretax year, and if such improvements are not qualified for tax exemption on October 1 of the pretax year, they are not exempt for the tax year unless there is a specific statutory provision to the contrary. This proposition was set forth very recently in Atlantic Cty. New School v. Pleasantville, 2 N.J. Tax 192, 197 (Tax Ct. 1981). In that case a nonprofit organization acquired title to property from a nonexempt owner on December 1, 1975. The nonprofit organization obtained a property tax exemption for 1977 based on its use of the property on October 1, 1976, but it did not obtain an exemption for 1976. The court affirmed the 1976 assessment on the property because the charitable organization had not owned and used the property on October 1, 1975. Accord, Shelton College v. Ringwood, 48 N.J.Super. 10, 136 A.2d 660 (App.Div.1957).
Similarly, in Grace & Peace Fellowship Church v. Cranford, 4 N.J.Tax 391 (Tax Ct. 1982), a church claimed an exemption for 1980 on a new church building the congregation was constructing. The assessor denied the exemption and instead placed a partial assessment on the property to reflect the value of the construction completed as of October 1, 1979. Cf. Snyder v. South Plainfield, 1 N.J.Tax 3, 7 (Tax Ct. 1980). The church structure was not opened to the public until February 28, 1980, when the church received its temporary certificate of occupancy. After noting that use of a property on October 1 of the pretax year determines whether the property is or is not to be exempt for the tax year, and after concluding that actual public use or readiness to provide such use as of October 1 is “the required quid pro quo ” for an exemption, the court found that the church was not in a position to provide its services and benefits to the public on October 1, 1979. The court therefore held that the *666 church property was not exempt for 1980. See Holy Cross Church of God v. Trenton, 2 N.J.Tax 352 (Tax Ct. 1981);. Emanuel Missionary Baptist Church v. Newark, 1 N.J.Tax 264 (Tax Ct.1980).
Plaintiff seeks to distinguish these decisions on the ground that they deal only with improvements that were in place or substantially complete on October 1 of the pretax year. Plaintiff contends that the assessing date for an added assessment is not October 1 of the pretax year but rather “the first of the month following ... completion [of the structure].” This is the date set forth in the added assessment statute, as of which the assessor must “determine the taxable value” of the property when a structure has been completed between January 1 and October 1 of the tax year. N.J.S.A. 54:4-63.3. Plaintiff’s argument is that the added assessment statute is a specific legislative provision establishing an assessing date other than October 1 of the pretax year and that consequently taxable or exempt status must be determined for a newly-completed structure as of the assessing date pursuant to the added assessment statute. Plaintiff also relies on the language of N.J.S.A. 54:4-63.11 that provides for challenges from added assessments to be heard by county boards of taxation. The statute is in part as follows:
Appeals from added assessments shall be made to the county board of taxation on or before December first of the year of the levy, and the county board of taxation shall hear all such appeals within one month after the last day for filing such appeals.
Plaintiff contends that when the Legislature established this appeal procedure for added assessments, it intended to permit a taxpayer to raise defenses to the added assessment, including the defense that the property should be exempt.
Plaintiff’s arguments are not persuasive. As the court said in Shelton College v. Ringwood, supra, involving acquisition of previously taxable property by an exempt organization after the October 1 assessing date:
Ever since Jersey City v. Montville Tp., 84 N.J.L. 43 [85 A. 838] (Sup.Ct.1913), aff’d on the opinion below in 85 N.J.L. 372 [91 A. 1069] (E. & A. 1913), it has been uniformly recognized by the tax administration authorities of this State *667 that the status of property for purposes of exemption vel non is conclusively determinable upon the basis of whether or not the statutory criteria of ownership and use were met on the day fixed by the statute as the assessing date, which now and long past has been October 1 preceding the tax year. [48 N.J.Super. at 11, 136 A.2d 660]
The court observed that although the relevant statutes had on occasion been revised by the Legislature subsequent to the decision in Jersey City v. Montville Tp., the rule established in that case had been disturbed in only one respect. The only change as of then had been in favor of greater rather than lesser taxability: the law was amended in 1949 to permit a municipality to impose an omitted assessment on property exempt as of October 1 of the pretax year when the right to the exemption ceases by reason of a change in use or ownership during the tax year. The court in Shelton College v. Ringwood, supra, then held:
The fact that the Legislature failed at the same time to provide for a proportionate exemption in the converse situation, i.e., where the property acquired the exemption qualifications for the first time after the prior October 1, is cogent evidence of a presumptive legislative intent to leave the rule in that respect in the same status as in Montville and followed by the tax administration authorities ever since, [citations omitted]. [Id. at 12, 136 A.2d 660]
As this court noted in Atlantic Cty. New School v. Pleasant-ville, supra, the October 1 date for determining exempt status has been changed by the Legislature in a limited number of instances since the Shelton College case. None of these changes is relevant to added assessments, which taxing districts have been permitted to impose on new construction since 1941. See Appeal of N. Y. State Realty & Terminal Co., 21 N.J. 90, 121 A. 2d 21 (1956). In all these years tax administrators have applied the traditional October 1 assessing date with regard to added assessments for purposes of both assessment and exemption. It is apparent that the Legislature has not felt constrained to alter the use of the traditional date with regard to new construction for exempt organizations. Plaintiff would have the court accomplish such a change by construction of statutory language, but as the court said in Shelton College:
The rule is not at this late date to be redetermined by the judiciary on a de novo exegesis of the pertinent statutes. If there is any unfairness in the present operation of the rule, it is for legislative attention exclusively. [48 N.J.Super. at 12, 136 A.2d 660]
*668 Also, in Grace & Peace Fellowship Church v. Cranford, supra, the court pointed out that the Legislature had not provided for exemption from taxation during the course of construction with regard to buildings of exempt organizations, although both New York and California had adopted such statutes. The court observed that the New Jersey Legislature could have expressly provided if it had intended for an exemption to apply to buildings under construction. Cf. Plushanski v. Union Tp., 1 N.J. Tax 520, 527-528, 176 N.J.Super. 626, 424 A.2d 473 (Tax Ct. 1980).
I perceive no significant distinction between the facts of the present case and those involved in Shelton College, Atlantic Cty. New School and Grace & Peace Fellowship Church. In those cases an otherwise exempt organization, such as plaintiff in this case, was denied an exemption either because it had not acquired the subject property as of October 1 of the pretax year or because it had not completed construction of its structure and put it to full use as of the October 1 date. In the present case plaintiff had not as of October 1, 1980 completed construction and put to full use the structure for which it seeks exemption. The properties of plaintiff and the Grace & Peace Fellowship Church therefore were both assessed for a period subsequent to their use of the premises for charitable purposes. If there is any unfairness in this only the Legislature can rectify it by an amendment to the statute.
I do not find that the Legislature intended to modify existing law regarding the date of October 1 of the pretax year when it provided for appeals from added assessments in N.J.S.A. 54:4-63.11. That mechanism is available to taxpayers to contest an assessor’s determination as to valuation, discrimination and the date of completion of an improvement. No new substantive rights were created that altered the use of October 1 of the pretax year as the date for determination of exempt status.
Plaintiff argues that it is entitled to a trial on the issue of exemption, but I am assuming for the purpose of the pending motion and cross-motion that plaintiff could establish the factual prerequisites for an exemption as of the date of the added *669 assessment, provided that the latter date were relevant. However, whether a claimant may establish these prerequisites as of any date other than October 1 of the pretax year is strictly a legal question that requires no trial. This court holds as a matter of law that October 1 of the pretax year is the date as of which qualification for property tax exemption is to be determined for new construction which becomes subject to an added assessment subsequent to that October 1 date.
Plaintiff’s motion for partial summary judgment is denied and defendant’s cross-motion for summary judgment is granted.