The opinion of the court was delivered by
MORTON I. GREENBERG, J.A.D.
The issue raised on this appeal is quite narrow. Should a building subject to an added assessment be exempted from real estate taxes if upon completion it qualifies for such an exemption or is the exemption to be denied because the building did not so qualify on October 1 of the pretax year? Judge Conley in the Tax Court decided that no exemption should be allowed. We disagree and accordingly reverse. 4 N.J.Tax 662.
The facts involved on this appeal are fully set forth in the trial court opinion and therefore will only be summarized. Plaintiff on May 26, 1981 completed its building and started using it for a purpose it contends is an exempt use. The building was subsequently subjected to an added assessment for 1981. Plaintiff appealed this assessment to the Somerset County Tax Board but the assessment was upheld. Plaintiff then brought this action. The trial judge granted defendant summary judgment upholding the added assessment. He indicated that it is the settled law of New Jersey that “... tax-exempt status is determined as of October 1 of the pretax year, and if such improvements are not qualified for tax exemption on October 1 of the pretax year, they are not exempt for the tax year unless there is a specific statutory provision to the contrary.” 4 N.J.Tax at 665. The judge cited cases which he felt sustained a finding that the October 1 date was controlling but none of these cases directly answers the question posed on this appeal.
It is axiomatic that ordinarily October 1 of the pretax year is the controlling date to determine whether a property will be exempt from taxes. N.J.S.A. 54:4-23; N.J.S.A. 54:4-35; *442 see Shelton College v. Ringwood, 48 N.J.Super. 10, 136 A.2d 660 (App.Div.1957). Thus a change of use and ownership of a property after October 1 of the pretax year to an exempt status will not invalidate an assessment for a tax year. Id. at 12, 136 A.2d 660. But obviously such a situation differs from our case since here there was no assessment on the building on October 1 of the pretax year. In the case of a building completed between January 1 and October 1 of a tax year the assessor determines for added assessment purposes the taxable value of the property as of the first day of the month following completion. N.J.S.A. 54:4-63.3. This process of determining value for added assessment purposes is similar to the assessor’s obligation to determine value of an existing building as of October 1. The determination of value includes a decision as to whether the property is exempt from taxes. See N.J.S.A. 54:4-23; N.J.S.A. 54:4-35; East Orange v. Palmer 47 N.J. 307, 320, 220 A.2d 679 (1966) (“... taxable status, as well as valuation, is to be determined as of the assessment date.”) Accordingly we hold that the tax status of property subject to an added assessment should be ascertained as of the date of the assessment.
Our result is supported by certain additional considerations. A substantial reason for denying tax exemption for the balance of a year for property acquired by an entity for an exempt use in the course of a year was explained by the Supreme Court in East Orange v. Palmer, supra, as follows:
The tight relation between the raising of necessary governmental revenues and the taxable properties on the rolls is most obvious from .this panoramic view of the New Jersey system. The annual finances of each taxing entity sharing in the municipal levy are dependent upon tax revenues computed on the basis of the taxable real property on the assessor’s list. Mid-year cancellation of tax liability by reason of a property so listed becoming exempt during the year would result, an in the present situation of East Orange, in a major dislocation and an unfair burden to the remaining taxpayers of the municipality, for the tax revenues lost thereby to the municipality itself must be made up in the end by those taxpayers. It may also be true that there is no subsequent adjustment by reason of mid-year exempt acquisitions even with respect to the shares of the other entities for which the municipality is the agent for collection comparable to the relief given in the case of changes in assessments during a tax year *443 occasioned by appeals, correction of clerical errors and the like. See N.J.S.A. 54:4-49(c).
But more important, to relieve property which becomes exempt in mid-stream from the taxes for the balance of the year, at least where the acquisition is by an entity other than the municipality itself or a coterminous taxing district, would put the burden represented by those taxes solely on those who own property in the municipality rather than on all those in the larger area sharing in the public benefit — here highways open to the use of the people of the whole State — , as would be the case if the acquiring public entity were held responsible for the remaining taxes as part of the cost of acquisition. Conversely, even if the acquisition were by the municipality or a coterminous taxing district, cancellation of tax liability for the balance of the year can, to some extent at least, deprive other taxing entities, for which the municipality is the collector, of the timely availability of their shares of such taxes and thus impose the burden of a purely local acquisition upon the people of a larger, non-benefiting area. [Citation omitted.] [47 N.J. at 318-319, 220 A.2d 679]
Obviously the foregoing considerations are inapplicable when added assessments are implicated. The municipal tax rate was not calculated with reference to such assessments. Thus when taxes are collected as a result of added assessments, revenues not within the contemplation of the budget will be raised. Further we note under the decision in the trial court, it would be impossible for a structure on an added assessment list to become exempt for the year in which it was completed, at least in the absence of some other specific overriding law. We have difficulty in believing that the Legislature intended to tax structures such as churches which have been completed and used for exempt purposes after the original assessment date.
We realize that plaintiffs land will not be exempted for 1981. Thus it might seem incongruous that the building be exempt. But the seeming inconsistency is perfectly logical. The 1981 land assessments were made by defendant’s assessor as of October 1, 1980. Thus under the principles of East Orange v. Palmer, supra, it would be unfair to the other property owners to exempt the land.
*444 The judgment is reversed and the matter is remanded to the Tax Court to determine whether the property is entitled to the exemption. We do not retain jurisdiction.[1]

 As an alternative argument appellant urges that if it cannot appeal the denial of its exemption claim it is denied due process of law. Thus the attorney general received notice of this appeal. R. 2:5-1(h). Our disposition renders this argument moot.