ANDREW, J.T.C.
In this local property tax matter plaintiff, Catholic Relief Services, challenges two added assessments on its property *26 known and designated as Block 6, Lot 45.04 on the tax map of South Brunswick Township.
In lieu of trial the parties have stipulated to the following facts. Plaintiff took title to the property in question on December 28, 1984 and recorded the deed on December 31, 1984. At the time of purchase, newly completed construction[1] existed on the property, and in November 1984, the prior owner had obtained a certificate of occupancy. On October 25, 1985, the tax collector sent plaintiff tax bills for two added assessments on the new construction in the amounts of $4,012.60 and $37,-839.36, respectively, for the month of December 1984 and for the year 1985. In two separate judgments, on December 11, 1985 the Middlesex County Board of Taxation affirmed the imposition of both added assessments. Under protest plaintiff has paid the full amounts of the assessments and now appeals the county board’s judgment to this court.
Defendant argues that, because on the date of the assessments plaintiff did not own the property in question, the new construction on the property cannot qualify for a charitable exemption from taxation pursuant to N.J.S.A. 54:4-3.6. Plaintiff responds that, even though it did not own the property on the date of the assessments, the new construction on its property can qualify for a charitable exemption. In sum, this court must decide whether, even though not owned by plaintiff on the date of assessments, improvements on land may still qualify for charitable exemption.[2]
Generally, the assessment date for real property is October 1 of the pretax year. See N.J.S.A. 54:4-23. However, for improvements like those in the present case, which are completed after October 1 of any year, and before January 1 following, *27 the assessment date is the first of the month following completion pursuant to N.J.S.A. 54:4-63.2.[3] According to N.J.S.A. 54:4-63.2:
when any parcel of real property contains any building or other structure which has been ... added to or improved after October 1 in any year and completed before January 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first day of tke month following completion ... of said property and ... if such value so determined exceeds the assessment made as of October 1 preceding, the assessor, shall enter the amount of such assessment or such excess, as an assessment or an added assessment against such parcel of real property, for the subsequent tax year ... In addition, the assessor shall enter in such added assessment list an assessment for that portion of the pretax year between the first day of the month following completion or sale of said property and December 31____ [Emphasis supplied]
In other words, because the new construction on plaintiffs property was completed[4] in November 1984, the assessment date for both additional assessments, i.e., the date on which the assessor was to determine taxable value, was December 1,1984 (the first of the month following completion). Thus, as both parties agree, because it took title on December 28, 1984, plaintiff did not own the property on the date of assessments.
It is curious that N.J.S.A. 54:4-63.2, quoted at length above, refers only to the determination of taxable value as of the assessment date, and remains silent with respect to the determination of taxable status, e.g., whether the property qualifies for a charitable exemption. Nevertheless, the decisional law indicates that, as of the assessment date, the assessor is to determine not only taxable value, but also taxable status. See East Orange v. Palmer, 47 N.J. 307, 320, 220 A.2d 679 (1966); Schizophrenia Found. of N.J. v. Montgomery Tp., 6 N.J.Tax 439, 442 (App.Div.1984); Shelton College v. Ringwood, 48 N.J.Super. 10, 11, 136 A.2d 660 (App.Div.1957); Jabert Operating Corp. v. City of Newark, 16 N.J.Super. 505, 508, 85 A.2d 216 (App. *28 Div.1951), and Grace & Peace, etc., Church v. Cranford Tp., 4 N.J.Tax 391, 397 (Tax Ct.1982).
Moreover, the courts have uniformly held that exempt status is contingent on the confluence of use and ownership on the assessment date. See N.J.S.A. 54:4-23; -63.3; Schizophrenia, supra, 6 N.J.Tax at 442; Shelton, supra, 48 N.J.Super. at 11, 136 A.2d 660, and Jabert, supra, 16 N.J.Super. at 509, 85 A.2d 216. In Jabert, during November 1948 the taxpayer purchased property which had previously qualified for an exemption on the assessment date, October 1 of the pretax year, 1948. The court held that, even though as of November 1948 neither qualifying use nor ownership obtained, because the property had met the requirements of use and ownership on the assessment date, the property was entitled to retain its exempt status for the entire year 1949. 16 N.J.Super. at 508-509, 85 A.2d 216. In Shelton, the taxpayer sought an exemption for the year 1954 on property it had not acquired until February 1954. But because the taxpayer did not own the property on the assessment date, October 1 of the pretax year, 1953, the court denied the exemption. 48 N.J.Super. at 11, 136 A.2d 660.
And finally, in Schizophrenia, supra, the court again relied on the principle that exempt status depends on the confluence of use and ownership as of the assessment date. The only difference between Schizophrenia, on the one hand, and Shelton and Jabert, on the other, is that the former deals with improvements completed after October 1 of the pretax year. Consequently, in Schizophrenia, because the improvements were completed on May 26, 1981, the assessment date was the first of the month following completion, June 1, 1981, and not October 1 of the pretax year. See N.J.S.A. 54:4-63.3, and n. 2, supra. The court held that, whether the assessment date is October 1 of the pretax year, or the first of the month following completion of the improvements, the assessor is to determine as of the assessment date whether the property is exempt from taxes, i.e., whether, as of the assessment date, qualifying use and ownership coincide. 6 N.J.Tax at 442. In reaching its conclusion the court noted that, in order to comply with the *29 requirement of a balanced budget, municipalities rely on the receipt of the revenues contemplated by their budgets. Consequently, to enable the planning of, and reliance on, municipal budgets, October 1 of the pretax year has traditionally been the controlling date for determining whether property is exempt from tax. Id. at 441. However, the court reasoned, because they do not reduce anticipated revenues, exemptions for improvements completed after the traditional assessment date should be permitted. Id. at 442.
Plaintiff attempts to extend the reasoning in Schizophrenia to permit exemptions even when the taxpayer did not own the property on the assessment date. Even though it did not own the property on the assessment date, December 1, 1984, plaintiff argues, because South Brunswick would not lose anticipated revenues, this court ought to exempt its improvements both for December 1984 and the entire year 1985. But such an extension is contrary to the holding in Schizophrenia. The court there never abandoned the dual requirement of use and ownership as of the assessment date. Rather, it merely provided that, in the case of newly constructed improvements, the relevant assessment date for purposes of determining exempt status is the first of the month following completion, and not October 1 of the pretax year. And as mentioned above, the court relied on the established principle that determinations of exempt status depend on the confluence of use and ownership as of the assessment date. Ibid.
In conclusion, because plaintiff did not own the property on the date of assessments, the improvements on plaintiffs property cannot qualify for a charitable exemption.[5]
*30 For the foregoing reasons I find that plaintiff is not entitled to an exemption from taxation for the improvements on its property for either December 1984 or the year 1985. I affirm, therefore, the judgments of the Middlesex County Board of Taxation and direct the Clerk of the Tax Court to enter concordant judgments.

The stipulation of facts submitted by the parties did not specifically indicate the nature of the new construction. However, a copy of the initial exemption statement submitted to the assessor was attached to the stipulation and it revealed that the improvement consisted of a 70,000-square foot warehouse.

Plaintiff has not asserted that the land portion of the property in question qualifies for exemption.

For improvements completed between January 1 and October 1 following, the assessment date is also the first of the month following completion. See N.J.S.A. 54:4-63.3.

“Completed” is statutorily defined as “substantially ready for the use for which it was intended.” N.J.S.A. 54:4-63.1.

Because the stipulation of facts, the only evidence in this case, contains no evidence of a qualifying use on plaintiffs property, even if the lack of ownership on the date of assessments did not preclude exemption, I would have no factual basis for granting an exemption. See Weymouth Tp. v. Memorial Pk. Fam. Prac. Ctr., Inc., 7 N.J.Tax 589, 592-595 (Tax Ct.1985), and New Brunswick v. Rutgers Community Health Plan, Inc., 7 N.J.Tax 491, 498 (Tax Ct.1985) (both holding that claimant-taxpayer bears the burdens of producing evidence and persuasion to establish entitlement to tax exemptions).